OTTO FRANK, Appellant, *v.* FLOYD L. CARLISLE et al.,
Respondents, Impleaded with Others.

Argued March 4, 1940; decided April 16, 1940.

*Murray Levine, Martin A. Roeder* and *Philip G. Gross*
for appellant. As directors of Northeastern Power Cor-
poration and as promoters thereof, respondents owed to
such corporation the fiduciary duty of a trustee. (*Pollitz*
v. *Wabash R. R. Co.*, 207 N. Y. 113; *Kavanaugh* v. *Kava-
naugh Knitting Co.*, 226 N. Y. 185; *Billings* v. *Shaw*, 209
N. Y. 265; *Dickerman* v. *Northern Trust Co.*, 176 U. S.
181; *Old Dominion Copper Co.* v. *Bigelow*, 203 Mass. 159;

225 U. S. 111; *Brewster* v. *Hatch,* 122 N. Y. 349; *Davis* v. *Las Ovas Co.,* 227 U. S. 80; *Yeiser* v. *U. S. Board & Paper Co.,* 107 Fed. Rep. 340; *Erlanger* v. *New Sombrero Phosphate Co.,* 3 App. Cas. 1236; *Matter of Jubilee Cotton Mills,* [1924] App. Cas. 958; *Midwood Park Co.* v. *Baker,* 128 N. Y. Supp. 954; 144 App. Div. 939; 207 N. Y. 675; *Moore* v. *Warrior Coal & Land Co.,* 178 Ala. 234.) The respondents, acting through Carlisle Company, acquired the shares of Oswego Company stock at a cost of $50,000 with intent to resell said shares to Northeastern Corporation; they resold to the corporation within a few days for stock worth $7,000,000; they, therefore, must account for the profits realized. (*Western States Life Ins. Co.* v. *Lockwood,* 166 Cal. 185; *Geddes* v. *Anaconda Copper Mining Co.,* 254 U. S. 590; *Seymour* v. *Spring Forest Cemetery Assn.,* 144 N. Y. 333; *New York Trust Co.* v. *American Realty Co.,* 244 N. Y. 209; *Bliss Petroleum Co.* v. *McNally,* 254 Mich. 569; *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182; *Parker* v. *Nickerson,* 137 Mass. 487; *Highland Park Investment Co.* v. *List,* 27 Cal. App. 761; 42 Cal. App. 752; *Dixmoor Golf Club* v. *Evans,* 325 Ill. 612.) The second cause of action is sufficient. Respondents must account for the difference between the value of the Oswego stock and the amount received therefor from Northeastern. (*Walsh* v. *Van Ameringen-Haebler, Inc.,* 257 N. Y. 478.)

*Horace R. Lamb* and *Thomas F. Fennell, II,* for Floyd L. Carlisle et al., respondents. The allegations of the complaint relating to the exchange of 100,000, or all the outstanding shares of stock of Oswego River Power Corporation in consideration of the issuance of 200,000 shares of common stock of Northeastern Power Corporation, upon which appellant now relies, do not state a cause of action against any of the respondents. (*New York Trust Co.* v. *American Realty Co.,* 244 N. Y. 209; *Gilbert Paper Co.* v. *Prankard,* 204 App. Div. 83; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159; *Groel* v. *United Electric Co. of New Jersey,* 70

N. J. Eq. 616; *Brewster* v. *Hatch*, 122 N. Y. 349; *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Venner* v. *N. Y. C. & H. R. R. R. Co.*, 160 App. Div. 127; 217 N. Y. 615; *Winter* v. *Anderson*, 242 App. Div. 430; *Cleary* v. *Higley*, 154 Misc. Rep. 158; *Heiner* v. *Crosby*, 24 Fed. Rep. [2d] 191.) There are no facts alleged which sustain the statement that a cause of action was "conveyed" to Niagara Hudson Power Corporation. (*Blum* v. *Whitney*, 185 N. Y. 232; *Booth* v. *Greer Inv. Co.*, 7 Fed. Supp. 576; *Baker* v. *Allen*, 197 N. E. Rep. 521; *United Zinc Co.* v. *Harwood*, 216 Mass. 474; *American Woolen Co.* v. *Old Colony Trust Co.*, 263 Mass. 321.)

*Frank J. Berberich, Edward H. Green* and *John C. Bruton, Jr.*, for William K. Dick, respondent. On no theory of the law do the facts alleged in the amended complaint show a violation by respondent Dick of his duties as a director of Northeastern Corporation. (*City Bank Farmers Trust Co.* v. *Hewitt Realty Co.*, 257 N. Y. 62; *Goldstein* v. *Tri-Continental Corp.*, 282 N. Y. 21; *New York Trust Co.* v. *American Realty Co.*, 244 N. Y. 209; *Gamble* v. *Queens County Water Co.*, 123 N. Y. 91.) The complaint contains no allegations of fact sufficient to charge respondent Dick with profit-making at the expense of corporations which he served as director, or wrongful participation in profit-making by others at the expense of such corporations. (*Gerdes* v. *Reynolds*, 281 N. Y. 180; *Knowles* v. *City of New York*, 176 N. Y. 430; *Meisel* v. *Central Trust Co.*, 179 App. Div. 795; 223 N. Y. 589; *Wood* v. *Amory*, 105 N. Y. 278; *Cass* v. *Realty Securities Co.*, 148 App. Div. 96; 206 N. Y. 649; *Rhodes* v. *Ocean Accident & Guarantee Corp.*, 235 App. Div. 340; *Herman* v. *Gutman*, 244 App. Div. 694; *Marshall* v. *Thompson Feature Service, Inc.*, 216 App. Div. 428.) The plaintiff, as a stockholder of Niagara Hudson Power Corporation, has shown no derivative status by which he can maintain this action, and has stated no facts to show a cause of action in favor of the corporation. (*Isaac* v. *Marcus*, 258 N. Y. 257· *O'Connor* v. *Virginia Passenger & Power Co.*,

184 N. Y. 46; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Koral* v. *Savory, Inc.*, 276 N. Y. 215; *Koch* v. *Estes*, 146 Misc. Rep. 249; 240 App. Div. 829; 264 N. Y. 480; *Watson* v. *Consolidated Laundries Corp.*, 235 App. Div. 234; *Lonsdale* v. *Speyer*, 249 App. Div. 133; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1; *Manson* v. *Curtis*, 223 N. Y. 313; *Central Trust Co.* v. *East Tennessee Land Co.*, 116 Fed. Rep. 743; *United Zinc Co.* v. *Harwood*, 103 N. E. Rep. 1037; *American Woolen Co.* v. *Old Colony Trust*, 160 N. E. Rep. 816; *Baker* v. *Allen*, 197 N. E. Rep. 521.)

*Per Curiam.* The complaint contains allegations that the individual defendants and the corporate defendants Floyd L. Carlisle & Co., Inc., and Schoellkopf, Hutton & Pomeroy, Inc., by concerted action through a complicated series of transfers of stock and assignments of a contract, procured the issuance to the defendant Floyd L. Carlisle & Co., Inc., for the benefit of the individual defendants of 200,000 shares of stock of the Northeastern Power Corporation alleged to be worth $7,000,000 for property which cost the individual defendants and the defendant Floyd L. Carlisle & Co., Inc., not to exceed $50,000. The individual defendants were, from the time of the organization of the Northeastern Power Corporation, directors of that corporation, and the property, costing not to exceed $50,000, consisting of shares of corporate stock which the Northeastern Power Corporation received, had been acquired by the individual defendants through the agency of other corporations wholly controlled and dominated, directly or indirectly, by the individual defendants with the intention of so transferring the property to the Northeastern Power Corporation and securing large secret profits for themselves. Thus a cause of action in favor of the Northeastern Power Corporation is alleged. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *New York Trust Co.* v. *American Realty Co.*, 244 N. Y. 209.) While the allegations are somewhat vague and general in relation to intent, domination and control, we find them sufficient within the authorities to state these

abstract concepts. A cause of action in favor of the Northeastern Power Corporation being alleged, there is a statement of its assignment to the defendant Niagara Hudson Power Corporation, of which the plaintiff is a stockholder, and of the other necessary facts for the foundation of a stockholder's derivative action. The second alleged cause of action repeats the first and adds statements of waste and misappropriation. It is not necessary to consider here whether the second cause of action adds anything of substance to the first cause of action, the allegations of which we find sufficient. It is, perhaps, needless to say that our decision is founded solely upon the allegations of the complaint and that no possible defense, affirmative or negative, is before us.

The judgment of the Appellate Division should be reversed and the orders of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.