OTTO FRANK, Suing on Behalf of Himself and All Other Stockholders of NIAGARA HUDSON POWER CORPORATION and of NORTHERN NEW YORK UTILITIES, INC., Respondent, Appellant, v. FLOYD L. CARLISLE, ALFRED H. SCHOELLKOPF, ROY K. FERGUSON, H. E. MACHOLD, C. E. NORRIS, W. H. VERSFELT, FLOYD L. CARLISLE & CO., INC., WILLIAM K. DICK and SCHOELLKOPF, HUTTON & POMEROY, INC., Appellants, Respondents, Impleaded with NORTHERN NEW YORK UTILITIES, INC., and NIAGARA HUDSON POWER CORPORATION, Defendants.

First Department, December 13, 1940.

*Horace R. Lamb* of counsel [*Thomas F. Fennell, II*, with him on the brief; *LeBoeuf, Machold & Lamb*, attorneys], for the appellants, respondents, Floyd L. Carlisle, Alfred H. Schoellkopf, Roy K. Ferguson, H. E. Machold, C. E. Norris, The Michabo Corporation (sued herein as Floyd L. Carlisle & Co., Inc.) and W. H. Versfelt.

*Horace R. Lamb* of counsel [*Thomas F. Fennell, II*, with him on the brief; *Kenefick, Cooke, Mitchell, Bass & Letchworth*, attorneys], for the appellant, respondent, Schoellkopf, Hutton & Pomeroy, Inc.

*Frank J. Berberich* of counsel [*John C. Bruton, Jr.*, with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellant, respondent, William K. Dick.

*Murray Levine* of counsel [*Philip G. Gross*, attorney], for the respondent, appellant.

GLENNON, J. This is a stockholders' derivative suit. The amended complaint sets forth two causes of action. These causes

of action embrace, in substance, what have been styled as the "Oswego," the "Grasse River" and the "miscellaneous transactions." A summary of the allegations contained in the original complaint, in so far as it pertains to the "Oswego" matter, is set forth in the opinion of the Court of Appeals under the title of *Frank* v. *Carlisle* (282 N. Y. 507).

The "Grasse River" transaction grows out of the purchase by a syndicate of some of the defendants in 1923 of 28,000 acres of property on Grasse river, St. Lawrence county, for approximately $239,430. Carlisle Co., according to the allegations, acquired the interest of all other syndicate members. It resold water power rights to the Power Corporation of New York for $750,000, a right of way for an electric transmission line to the defendant Northern New York Utilities, Inc., for $150,000 and various other subdivisions of the property to other corporations for large sums of money. It is charged that Carlisle profited to the extent of several hundred thousand dollars plus not less than 30,000 shares of common stock of the Power Corporation of New York. The latter, in 1935, conveyed all its assets to the Niagara Hudson Power Corporation and Niagara also acquired all the shares of stock of Northern New York Utilities, Inc. It is alleged in substance that the net result of this "Grasse River" transaction is that a substantial profit in an unknown amount was made by the defendants at the expense of two of the former syndicate members, Power Corporation of New York and Northern New York Utilities, Inc.

The "miscellaneous" transactions pertain to the purchase of various other properties by defendants which allegedly were resold to the corporations at prices which netted the defendants large secret profits.

We are of the opinion that the court at Special Term was correct in ruling that both the "Grasse River" and "miscellaneous" transactions are barred by the Statute of Limitations. The former was completed in January, 1925, more than eleven years prior to the commencement of this action. While no date is set forth in the complaint as to the latter, the affidavits of the moving defendants convincingly show that these also are barred.

However, we go further than Special Term did. We are of the opinion that the "Oswego" transaction also is barred. In this matter, if we are to cast aside the superfluous allegations which are to be found in the complaint, there is involved simply a sale of stock. The acts complained of are the acquisitions of properties at a low figure and their resale at a price in excess of that paid by the individual defendants. Thus plaintiff's cause of action involves a sum of money which can be computed readily. This transaction, according to the complaint, occurred in 1926. Since the complaint

was not served until long after the six-year period had expired, this transaction also is barred. (*Potter* v. *Walker*, 276 N. Y. 15; *Cwerdinski* v. *Bent*, 256 App. Div. 612; affd., 281 N. Y. 782; *Dunlop's Sons, Inc.*, v. *Dunlop*, 259 App. Div. 233.)

The defendants further maintain that even if our ruling is that the six-year statute does not apply to the " Oswego " transaction, it is nevertheless barred by the ten-year statute. It is clear that on April 9, 1926, the individual defendants as directors adopted resolutions accepting the offer relating to this stock. The minutes of the directors' meeting show that the transaction was consummated fully on that date. While it is true that the actual exchange did not take place until May 29, 1926, still, if the defendants were guilty of violating their duty in voting for the resolutions, the date they did so is controlling. The transfer was merely a ministerial act. Thus the action would be barred by the ten-year Statute of Limitations since the summons was not served until May, 1936. The Court of Appeals in *Schmidt* v. *Merchants Despatch Trans. Co.* (270 N. Y. 287) wrote in part: " The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues. * * * We must apply that rule here. The injury to the plaintiff was complete when the alleged negligence of the defendant caused the plaintiff to inhale the deleterious dust. For that injury, including all resulting damages, the defendant was then liable. * * * It cannot be doubted that the plaintiff might have begun an action against the defendant immediately after he inhaled the dust which caused the disease. * * * In effect, the plaintiff is asking this court to hold that the statutory period of limitation begins only from the time that the plaintiff had reasonable assurance that serious damage had resulted or would result from past injury. The statute provides in unambiguous language that the period of limitation begins to run at the moment when right to begin an action accrues."

For the reasons assigned, the orders, in so far as appealed from by the plaintiff, and the judgments entered thereon, should be affirmed, with costs. The orders, in so far as appealed from by the said defendants, should be reversed and the amended complaint dismissed as to them.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Orders, in so far as appealed from by the plaintiff, and the judgments entered thereon, unanimously affirmed, with costs. Orders, in so far as appealed from by defendants-appellants, unanimously reversed and the amended complaint dismissed as to them. Settle orders on notice.