## ELI E. ALBERT, Inc. v. DUN & BRADSTREET, Inc.

United States District Court
S. D. New York.
June 6, 1950.

Jerome S. Shulman, New York City (Milton A. Teplin, New York City, of counsel), for plaintiff.

White & Case, New York City (Chester Bordeau, New York City, of counsel), for defendant.

MEDINA, District Judge.

Defendant moves pursuant to Rule 12(b) (6), Federal Rules Civil Procedure, 28 U.S. C.A., to dismiss plaintiff's complaint for failure to state a claim for relief. Plaintiff sets forth two claims, each of them to the effect that certain reports issued by defendant concerning plaintiff's financial standing were false and libelous.

The allegedly libelous statements are to the effect that plaintiff's financial strength was $125,000 to $200,000; that its credit was "fair"; that the plaintiff had a "high credit of $1000 to $5000," later changed to "$300 to $25,000," and still later to "$2300 to $16,000"; that terms of sale to the plaintiff were on a "1-10-net 30" or "3-10 EOM" or "EOM" or "1-10 EOM" or "N-30" basis. For a second claim plaintiff alleges that defendant refused to correct said statements after plaintiff submitted to the defendant records and documents showing that the ratings were incorrect.

The statements set forth may perhaps be incorrect but this does not make them libelous. To be libelous they must not only be incorrect, but must also hold the plaintiff up to hatred, contempt or ridicule, or tend to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held. Cf. Prosser, Torts 780 (1941).

The statements, on their face, do none of these things. They do not purport to intimate that the plaintiff refuses to pay his bills, cf. Neaton v. Lewis Apparel Stores, 267 App.Div. 728, 48 N.Y.S.2d 492 (3d Dept., 1924); or that the plaintiff is insolvent, bankrupt or lacking credit, cf. De Seversky v. P. & S. Publishing Co., Sup., 1942, 34 N.Y.S.2d 284; or in any way disparage the plaintiff in its business. Nor are there any allegations of facts from which it may be inferred that the statements of defendant have injuriously affected the plaintiff.

Under the Federal Rules a complaint is sufficient "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff * * *." Moore's Federal Practice, 1653 (2d ed. 1948). But "The pleading still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." Moore, op. cit. supra, at 1653. I can see no legal basis for recovery in this complaint, absent some allegation by virtue of which the defendant's statements may be claimed to be libelous as well as false.

Plaintiff urges that "the only issue in this case [is] * * * whether the defendant issued the said reports and were they or were they not false." If this were so, the plaintiff could recover on a showing that whereas the defendant reported plaintiff's financial strength as $200,000, in fact plaintiff was worth $215,000. Such is not the law.

The complaint is dismissed with leave to amend.

Settle order on notice.