**PATRICK v. BEASLEY.**

**BEASLEY v. WARNER et al.**

United States District Court,
S. D. New York.

Oct. 9, 1953.

4. Moore's Federal Practice, 2d Ed., Vol. 2, Pages 948–949.

5. Moore's Federal Practice, 2d Ed., Vol. 2, Page 942.

6. Rule 1 (Scope of Rules).

Samuel Rowe, New York City, for third party plaintiff.

Colton & Pinkham, New York City (Spencer Pinkham, New York City, of counsel), for third party defendant, J. Arthur Warner.

WEINFELD, District Judge.

■ The third party plaintiff's first two causes of action fail to allege *facts* from which it appears that the third party defendant may be liable in whole or in part for the claim asserted by the plaintiff against the defendant-third party plaintiff. The ultimate legal conclusions of the complaint do not provide that "short and plain statement of the claim showing that the pleader is entitled to relief * * *" required under Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion to dismiss these two causes of action is granted with leave to serve an amended complaint within twenty days after the entry of an order hereon.

The third, fourth and fifth causes of action apparently are based upon a joint venture agreement between the third party plaintiff and the third party defendant involving the sale and proceeds of certain stock and seek an accounting with respect thereto. No allegation is contained therein as to plaintiff's claim against the third party plaintiff. Counsel for the third party plaintiff upon the argument of the motion conceded as much.

■ A simple cause for professional services allegedly rendered by plaintiff to defendant should not become entangled with an involved action concerning a joint venture between the defendant and the third party defendant on matters entirely unrelated to the claim of the plaintiff.

The motion to dismiss the third, fourth and fifth causes of action is granted.

Settle order on notice.