Herman T. STICHMAN, Trustee of Hudson & Manhattan Railroad Company, Debtor, Plaintiff,

v.

David S. FISCHMAN et al., Defendants.

United States District Court
S. D. New York.

Sept. 23, 1957.

McGoldrick, Dannett, Horowitz & Golub, New York City, Myron S. Isaacs, New York City, of counsel, for plaintiff.

Simpson Thacher & Bartlett, New York City, Stephen P. Duggan, Jr., William J. Manning, New York City, of counsel, for defendants Morris Cohon, John W. Campbell, James J. Crisona and Crisona Bros.

Timen & Waters, New York City, Otis Mark Waters, New York City, of counsel, for defendants David S. Fischman, William T. Rossell, J. Crawford Compton, William Zagarino.

Sidney Kramer, New York City, for defendant H. A. Levanne Co., Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Simon H. Rifkind, Jay H. Topkis, New York City, of counsel, for defendant Handi-Man Co., Inc.

Lipkowitz & Plaut, New York City, Irving D. Lipkowitz, Richard Lieb, New York City, of counsel, for defendant H. R. H. Const. Corp.

Strasser, Spiegelberg, Fried & Frank, New York City, Leon Silverman, John Rau, New York City, of counsel, for defendants Jack Marqusee, George P. Lewis, Walter J. Fried, Kenneth A. Roome.

Saxe, Bacon & O'Shea, New York City, Edward D. Burns, Charles F. McGuire, New York City, of counsel, for defendants Lester T. Doyle, Hugh Kilmer, Raymond A. McMann, John W. Cornwall, Jr. and Hardy & Co.

DAWSON, District Judge.

The complaint in this action is one by a trustee in a Chapter X Reorganization against certain former directors and officers of the Debtor and against certain individuals and corporations who are alleged to have received money from the Debtor. 11 U.S.C.A. § 501 et seq. The complaint sets forth twelve separate causes of action against one or more of the defendants. The defendants named in the action are twenty-five former directors and officers of the Debtor, eleven partners of a stock brokerage firm doing business under the name of Hardy & Co. (two of whom were also directors of the Debtor), two partners of a law firm doing business under the name of Crisona Brothers (one of whom was also a director of the Debtor) and five corporations with which the Debtor formerly did business.

Motions have been made to dismiss each cause of action on the ground that it fails to state a claim sufficient to constitute a cause of action, and with respect to some of the causes of action a motion has been made for judgment on the pleadings. In addition, motions have been addressed to certain causes of action on the ground that they are barred by the statute of limitations.

Defendants Marqusee, Lewis, Fried and Roome have, in addition, moved for an order striking certain allegations from the complaint and for a more definite statement of certain claims. So much of this motion as seeks this relief is denied. So much of the motions as seek judgment on the pleadings are denied. Such motions may be made only after the pleadings are closed. Rule 12 (c), Fed.R.Civ.P., 28 U.S.C.A.

The complaint in this action is of the type that might be denominated as an "epithetical pleading" where vague and general accusations are sought to be substituted for statements of circumstances or facts which would lead to a conclusion of legal wrongdoing. Plaintiff seeks to justify the pleading on the ground that all that is required in a complaint, under the modern Federal Rules is a "short and plain statement of the claim." Fed.R. Civ.P. rule 8(a)(2). If by "claim" is meant merely the assertion of a demand for relief the plaintiff might be correct, but not even the most advanced advocates of simplified pleadings have gone that far.

Under the language of the Rules the claim must show "that the pleader is entitled to relief." A claim may not therefore consist merely of a demand for relief or conclusory allegations of wrongdoing but it must contain a statement of such circumstances or facts as would lead to the legal conclusion that the plaintiff is "entitled" to that relief. This means

that on the basis of the factual allegations of the complaint and the most favorable inferences to be made therefrom the Court must be able to see that a legal claim exists on which a remedy may be had.

Most courts have followed this view of a complaint on motions to dismiss without much discussion. If important elements of fact were missing from the allegations of the complaint, and the most favorable inferences to be made therefrom, they have dismissed the complaint or required that the plaintiff plead again. See, e. g., Subin v. Goldsmith, 2 Cir., 1955, 224 F.2d 753; Citrin v. Greater New York Industries, D.C.S.D.N.Y.1948, 79 F.Supp. 692; Schaefer v. Macri, 9 Cir., 1952, 196 F.2d 162; Patten v. Dennis, 9 Cir., 1943, 134 F.2d 137; Patrick v. Beasley, D.C.S.D.N.Y.1953, 15 F.R.D. 204. Other courts have been far more explicit in requiring that sufficient ultimate facts be alleged, however briefly and conclusorily, from which the court may see that a claim for relief exists. Foley-Carter Ins. Co. v. Commonwealth Life Ins. Co., 5 Cir., 1942, 128 F.2d 718; Dyer v. Gallagher, 6 Cir., 1953, 203 F. 2d 477; Sheridan-Wyoming Coal Co. v. Krug, 1948, 83 U.S.App.D.C. 162, 168 F. 2d 557; Voliva v. Bennett, 5 Cir., 1953, 201 F.2d 434; Eli E. Albert, Inc., v. Dun & Bradstreet, Inc., D.C.S.D.N.Y.1950, 91 F.Supp. 283; Daves v. Hawaiian Dredging Co., D.C.D.Hawaii 1953, 114 F.Supp. 643; Fleming v. Dierks Lumber & Coal Co., D.C.W.D.Ark.1941, 39 F.Supp. 237; McJunkin v. Richfield Oil Corp., D.C. N.D.Cal.1940, 33 F.Supp. 466; Whitman Co. v. Universal Oil Prod. Co., D.C.D.Del. 1954, 125 F.Supp. 137; Cohen v. Beneficial Industrial Loan Corp., D.C.D.N.J. 1946, 69 F.Supp. 297; Zimmerman v. National Dairy Prod. Corp., D.C.S.D. N.Y.1939, 30 F.Supp. 438; Washburn v. Moorman Mfg. Co., D.C.S.D.Cal.1938, 25 F.Supp. 546. See also Gold Seal Co. v. Weeks, 1954, 93 U.S.App.D.C. 249, 209 F.2d 802; De Loach v. Crowley's, Inc., 5 Cir., 1942, 128 F.2d 378; Callaway v. Hamilton National Bank, 1952, 90 U.S. App.D.C. 228, 195 F.2d 556, 559.

Federal Rule 8 does not in terms require that facts be stated. However,

" * * * the pleading must still state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." 2 Moore, Federal Practice, Par. 8.13 at 1653 (2d Ed.); Eli E. Albert, Inc., v. Dun & Bradstreet, Inc., D.C.S.D.N.Y.1950, 91 F.Supp. 283.

The concept of a claim is still grounded on the presenting of a factual situation on the basis of which the law may grant a legal remedy. Gold Seal v. Weeks, 1954, 93 U.S.App.D.C. 249, 209 F.2d 802; Hurn v. Oursler, 1933, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148; Patten v. Dennis, 9 Cir., 1943, 134 F.2d 137; Sidebotham v. Robison, 9 Cir., 1954, 216 F. 2d 816, 831. See also Atwater v. North American Coal Corp., 2 Cir., 1940, 111 F.2d 125 (concurring opinion).

Judge Clark, whose contribution to the Federal Rules is such that the Bar will be forever indebted to him, points out that the Rule, although it does not force a pleader "to allege all the fine details or to include a series of legal epithets or conclusions as to the defendant's conduct," nevertheless requires "the setting forth of the factual situation as a whole." Simplified Pleading, Hon. Charles E. Clark, 1943, 2 F.R.D. 456, 457. In his textbook on pleading Judge Clark states, in discussing "notice pleading:"

" * * * The prevailing idea at the present time is that notice should be given of all the operative facts going to make up the plaintiff's cause of action, except, of course, those which are presumed or may properly come from the other side * * *." Clark, Code Pleading, 2d Ed. (1947) at page 240. See also

Clark, Simplified Pleading, supra, at pages 460, 461.

Judge Clark's discussion of Federal Form 9 also illustrates the need for a statement of sufficient facts—however brief or conclusory—so that the court may see that a claim for relief exists. Clark, Code Pleading, at page 241; Clark, Simplified Pleading, 1942, 2 F.R. D. 461. See, also, Blum, Theory of Pleading, 47 Mich.L.Rev. 297, 332–339 (1949).

[2] There can be no doubt that the modern Federal Rules of pleading have been seized upon by the careless and sloppy practitioner as an excuse for failing to think through in advance the nature of the action and the necessary facts he will have to establish to sustain his case.[1] Such a practitioner may think that if he files a complaint making conclusory allegations and merely asking for relief that is all that is required, and that somewhere along the line, during the course of pretrial proceedings, he will develop the theory and facts of his case. But the court may be met at the outset, as this one is, with defendants who urge that the plaintiff has not set forth a good claim, in that all of the allegations of the claim, even if admitted, do not show that plaintiff is entitled to relief. This then requires the Court to examine the allegations to see whether, in fact, they are such that, if taken as true, together with any inferences which may reasonably be drawn therefrom, the plaintiff may legally be entitled to the relief requested. In the present instance the complaint seems to be lacking the allegations that would be prerequisite to the assertion of valid claims.

There would seem to be less excuse than usual for a pleading of this type in an action brought by a trustee in a Chapter X Reorganization, for he does not have to await the filing of a complaint and the institution of discovery proceedings to get the facts on which to base his claims for recovery. A trustee has the power, under § 167 of the Bankruptcy Act, 11 U.S.C.A. § 567, to examine directors and officers of the Debtor and "any other witnesses" concerning the conduct of the business of the Debtor. The scope of examination under this section is much broader than that of examination of a witness in a civil proceeding. In re Manufacturers Trading Corp., 6 Cir., 1952, 194 F.2d 961.

It may be assumed that the trustee has utilized the opportunities for *ante litam* discovery and that he had in his possession the facts on which he will seek to recover. In considering the several causes of action the Court will, therefore, assume that the facts, to the extent they are alleged therein, can be sustained at the trial, and will also have to assume that these are the facts on which the plaintiff seeks recovery in the particular claims set forth in the several causes of action.

With this background the Court will consider each cause of action to see if the claim therein is sufficient to justify the relief sought therein.

The first three causes of action allege essentially the following claims:

(1) The indentures securing certain prior lien bonds of the Debtor require the Debtor at all times to keep and maintain in good order and condition the cars and other rolling stock of Debtor, and

1. It has been urged that Rule 8 should be amended to require specifically that a complaint should state the "facts constituting a cause of action." See Resolution of the Judicial Conference of the Ninth Circuit and discussion relating thereto reported in 13 F.R.D. 253 et seq. Cf. "The Lost Horizon in Pleading under the Federal Rules of Civil Procedure" by Hon. James Alger Fee, 48 Col.L.R. 491. However, to the contrary, see the comments of Judge Yankwich to the effect that any such change is unnecessary for the claim set forth in the complaint must, under the present Rule, show facts which would entitle plaintiff to the intervention of the Court. 13 F.R.D. at page 267 and "Federal Trial Practice in Civil Cases" by Hon. Leon R. Yankwich, 12 F.R.D. 269, at page 274.

to cause any such cars or other rolling stock as might be worn out, or destroyed or retired from service to be replaced promptly by other cars and rolling stock of at least the same value and capacity.

(2) That the Debtor had established a property amortization account and had deposited in the years 1948 to 1951 certain sums in this account for the purpose of enabling the Debtor to maintain and replace its cars and other rolling stock.

(3) That the directors named as defendants in these first three causes of action authorized the Debtor to expend sums of money for the purchase of the Adjustment Income Mortgage Bonds of the Company at a discount from the face value of these bonds and to purchase these bonds for the Debtor and charged these expenditures against the property amortization fund.

The first three causes of action seek to require these directors to repay to the Debtor the full amount expended by the Debtor for the purchase of these Adjustment Income Mortgage Bonds.

Do these allegations set forth a legal claim against these directors? If the Debtor failed to comply with the requirements of its prior lien mortgages to maintain its cars and rolling stock in good order and to replace the cars and rolling stock that might be worn out, destroyed or retired, was it a breach of a fiduciary duty of the directors for which they may be held liable in damages by the Corporation if they caused the funds of the Corporation to be utilized for a purpose other than this?

These causes of action do not allege that any damage was suffered by the Corporation by the failure of the directors to use the funds to maintain the cars in good condition or to replace worn out or retired equipment. The causes of action do not allege any claim that the Corporation was damaged by the action taken by the directors in failing to comply with these provisions of the indentures. A failure to allege that the Corporation was injured renders a complaint against the directors fatally defective. Citrin v. Greater New York Industries, D.C.S.D.N.Y.1948, 79 F.Supp. 692, 694–695.

When the directors authorized funds of the Corporation to be expended for the purchase of the Adjustment Income Mortgage Bonds, such funds obviously were not "dissipated" as alleged in Paragraph 22 of the complaint, for the expenditure of the funds resulted in a reduction of the debt of the Corporation. Nor do the allegations sustain the claim in Paragraph 21 of the complaint that the purchases "constituted misappropriation of trust funds." The complaint does not allege any facts to show that the funds expended were trust funds and the Court can take judicial notice of the fact that a property amortization account is an accounting entry and not necessarily the establishment of a trust fund. The funds which were expended for the purchase of the Adjustment Income Mortgage Bonds were the cash of the Corporation and resulted in a reduction of the indebtedness of the Corporation.

These three causes of action would seem to be based on the contention that as a matter of law a director is liable if he authorizes expenditure of funds of a corporation for one purpose when there is a contract obligation binding upon the corporation to use its funds for another purpose. There is no principle of law which would impose such a liability upon a director. See Blaustein v. Pan American P. & T. Co., 1944, 293 N.Y. 281, 56 N.E.2d 705. Therefore the claim made against the directors in these three causes of action is insufficient as a matter of law.

The plaintiff has, however, in each of these three causes of action inserted a paragraph which reads:

"23. Some or all of the defendants profited from the expenditure of funds of the Debtor in the purchase of the Debtor's Adjustment Income Mortgage Bonds by themselves purchasing or causing the purchase by friends, relatives, customers, and business associates, of

such Adjustment Income Mortgage Bonds prior to such purchases by the Debtor, and by themselves selling, or causing friends, relatives, customers and business associates to sell such bonds either directly to the Debtor, or in the public market, at prices which were enhanced by the Debtor's said expenditures of funds for the purchase of its Adjustment Income Mortgage Bonds."

In each of these three causes of action the plaintiff seeks, as alternative relief, a judgment that defendants be required to account for any amounts received directly and indirectly as a result of the Debtor purchasing the Adjustment Income Mortgage Bonds.

This additional paragraph and the additional relief sought present a claim distinct and apart from the action based upon the other paragraphs of the causes of action. Such a claim should have been separately stated and numbered. The alternative relief sought, based upon this paragraph, is different from the clear prayer for relief under the other paragraphs of the complaint which seeks to have the defendants pay to the Debtor an amount equal to that expended to purchase the Adjustment Income Mortgage Bonds.

This additional paragraph does not in any way transform an otherwise defective cause of action into a good one. To join twenty-one defendants in an action on the ground that "some or all" of them profited by the purchase of the bonds, and that this was done by causing the purchase or sale of the bonds "by friends, relatives, customers and business associates" does not allege a claim against any one of the defendants. It is not alleged that any of the defendants received any improper profits from dealing in the bonds.

The defendants who are alleged to have been members of the brokerage firm of Hardy & Co. are sued in these three causes of action on the basis that they realized profits from expenditures by the Debtor of funds to repurchase Adjustment Income Bonds, in that they received brokers' commissions on the purchase of such bonds for the Corporation. No claim is made that the commissions were not earned, or that the firm of Hardy & Co. breached any fiduciary duties in acting for the Debtor and performing the brokerage services necessitated by the repurchase of the bonds. If the Debtor had no corporate power to repurchase the bonds, and the members of the firm of Hardy & Co. were on notice as to that fact, they might then have been accountable for any commissions realized by them. But the causes of action do not allege any basis for claiming that the purchase of the bonds was *ultra vires* or that this brokerage firm failed in any duties which it owed to the Debtor. No legal claim has been asserted against the defendants who are partners of Hardy & Co. to justify the relief sought against them.

The first three causes of action therefore fail to state claims upon which relief can be granted and the motions to dismiss under Rule 12(b) (6) are granted.

The balance of the causes of action are causes which seek to recover from certain individuals and corporations monies paid to them, and also to hold liable the directors who authorized the payments to be made. These causes of action allege either that the payments were excessive or that the Debtor got no benefit from the payments, and that the individuals or corporations to whom the payments were made knew that such was the fact and that the directors who authorized the payments knew that such was the fact.

Briefly summarized these causes of action seek relief on the following bases and for payments made on the following dates or in the following periods:

*Fourth Cause of Action:* Payments of salaries and expenses to defendant Cummins, as Chairman of the Board of Directors, covering the period from June 1, 1949, to December 15, 1949. It is alleged that Cummins rendered no services of any value to the Debtor and that the expenses were incurred for his personal

benefit and that this was known to the other defendants who authorized the payments to him.

*Fifth Cause of Action:* Payment to the firm of Crisona Brothers, as counsel, of $7,500 on or about December 1, 1949. One of the partners of Crisona Brothers was a director of the corporation and it is alleged that this payment to Crisona Brothers was for services rendered to the defendants Cohon, Campbell and James J. Crisona, as individuals, and not for the benefit of the Debtor, and that this fact was known to the other defendants who authorized the payment.

*Sixth Cause of Action:* Payments to The Handi-Man Co., Inc., for cleaning the Hudson Terminal buildings during the year 1948. This cause of action states that Handi-Man retained Crisona Brothers as counsel and paid fees to James J. Crisona which were not revealed to the other directors. It is alleged that a substantial part of the amounts paid constituted expenditures for the benefit of Handi-Man and Crisona Brothers and resulted in no benefit to the Debtor.

*Seventh Cause of Action:* Payments to Spear & Co., Inc., for managing realty from July 1, 1949, to June 30, 1950. This action alleges that Spear & Co., representing the Debtor, recommended leases at unreasonably low rentals which were entered into by the Debtor and seeks to recover from Spear & Co. and the directors who authorized retaining this firm and knowingly approved the low rentals the difference between the rentals received and a "reasonable rental value" as well as to recover from Spear & Co. payments by tenants alleged to have been made to Spear & Co. and retained by them.

*Eighth Cause of Action:* Payment to H. R. H. Corporation for construction of a car repairing shop, the payments having been authorized on or about November 3, 1949 and "subsequent to July 6, 1950." It is alleged that these expenditures "resulted in no benefit to the Debtor."

*Ninth Cause of Action:* Payment to H. A. Levanne Co., Inc., for construction of a stairway. Payment is alleged to have been authorized on or about December 1, 1949 and "resulted in no benefit to the Debtor."

*Tenth Cause of Action:* Payment to H. A. Levanne Co., Inc., for construction of a bridge. It is alleged that the contract was entered into about December 1, 1949 and that this payment "resulted in no benefit to the Debtor."

*Eleventh Cause of Action:* Payment to H. A. Levanne Co., Inc., for construction of a stairway. The contract is alleged to have been entered into on or about August 3, 1950 and it is alleged that a substantial part of the amount paid "resulted in no benefit to the Debtor."

*Twelfth Cause of Action:* Payment to Harry Alexander, Inc., for installation of alternating current electrical equipment. Contracts are alleged to have been authorized on or about August 17, 1950 and March 5, 1951, and it is alleged that a substantial part of the amounts paid "resulted in no benefit to the Debtor."

Motions have been made to dismiss these causes of action on the grounds (1) that they fail to state claims upon which relief can be granted and (2) that they are barred by the statute of limitations.

■ The causes of action, in so far as they seek recovery against the directors or former directors of the Debtor, are essentially for recovery of assets alleged to have been wasted in that it is alleged that payments were made by the Corporation with no advantage to the Corporation, and that the directors who authorized such payments did so with knowledge of such facts. Similarly, the action for recovery on the disadvantageous leases knowingly entered into is an action for waste. In so far as these actions seek recovery against the directors for waste, they state good claims for relief. From the allegations that the directors spent money or entered contracts with knowledge that there would be little or no benefit to the cor-

poration, we may, for purposes of dealing with this complaint on motion to dismiss, infer bad faith or the failure to perform fiduciary duty and exercise business judgment.

Therefore the fourth and fifth counts, which are solely against present or past officers or directors of the Debtor, state claims sufficient to constitute claims for relief.

■ The sixth cause of action, in so far as it seeks recovery against Crisona Brothers, does not allege that this firm did not perform services for the Debtor. The fact that this law firm also performed services for Handi-Man is not in and of itself a fraud on the Debtor and no facts are alleged which would support a claim of fraud.

The seventh, eighth, ninth, tenth, eleventh and twelfth causes of action state claims which are sufficient to allege causes of action against the directors or former directors named therein. But when we come to the other defendants named in these latter causes of action a different problem is presented.

The sixth cause of action, in so far as it seeks recovery against The Handi-Man Co., Inc., is in fact claiming that monies paid by the Debtor to The Handi-Man Co., Inc., for cleaning buildings of the Debtor, were excessive in amount, or that they represented no benefit to the Debtor. The same may be said of the claims against H. R. H. Construction Corporation in the eighth cause of action, the claims against H. A. Levanne Co., Inc., in the ninth, tenth and eleventh causes of action, the claims against Harry Alexander, Inc., in the twelfth cause of action. It is not alleged in any of these causes of action that payments were induced by fraud or that no services were performed by the parties named as defendants. Rather the claims allege that contracts were entered into, services performed and payments made, but that the services resulted in "no benefit" to the Debtor.

Whether the Debtor received "benefit" from the services rendered by the third parties is not the test of the legal right of the third party to retain the monies paid to him. If, for example, the third party had a contract to receive certain payments for rendering certain services, he would have a right to receive the payments when the services were performed, irrespective of the question as to whether the Debtor was or was not benefited by the services. It would create chaos in the business community if a corporation could enter into a contract for services, receive the services pursuant thereto and pay the contract price, and then sue to recover the contract price on the ground that the payments were excessive or that it got no benefit from the services. Here no fraud is alleged against the parties from whom recovery is sought. There is no allegation that the third parties failed to perform under the contracts with the Debtor or failed to render the agreed services to the Debtor. We have not yet reached the point where the Court may be called upon to renegotiate the terms of a contract at a late date, and determine how much "benefit" was received from the contract, and then to resettle the compensation to which a third party is entitled under a completed and performed contract.

It is to be noted that the complaint does not seek to rescind the transactions or to compel the third party defendants to return the entire payment to the Debtor; all it asks for is an accounting. The complaint apparently proceeds on the basis that the third party defendants are entitled to retain some of the monies but not all of the monies and asks the Court to determine on an accounting how much they should retain. Such a complaint fails to state a claim upon which such relief can be granted against the party receiving the payments.

As Judge Cardozo said in Holmes v. St. Joseph Lead Co., 84 Misc. 278, 283, 147 N.Y.S. 104, 106; affirmed on opinion below 163 App.Div. 885, 147 N.Y.S. 1117:

"A contract made by a corporation within the scope of its chartered powers may not be set aside merely because some stockholders believe

**876**

it to be unwise. There must be either fraud or conduct so manifestly oppressive as to be equivalent to fraud."

If the basis of recovery is fraud, then the circumstances constituting the fraud must be specifically alleged. Fed.R.Civ. P. 9(b). No such circumstances are here alleged.

In so far as the complaint seeks recovery from The Handi-Man Co., Inc. (sixth cause of action), H. R. H. Construction Corporation (eighth cause of action), H. A. Levanne Co., Inc. (ninth, tenth and eleventh causes of action) or Harry Alexander, Inc. (twelfth cause of action), the causes of action against these defendants are dismissed for failure to state claims upon which relief can be granted.

No motion to dismiss has been made by Spear & Co., Inc., the corporate defendant in the seventh cause of action. Resultantly, we do not consider the sufficiency of the claim against it. Since Spear & Co., Inc., is charged with having wrongly acted in a representative capacity, and having received and retained payments from lessees of the Debtor, the claim against it may be distinguished from those against these other corporate defendants.

 However, even with those causes of action against former officers or directors which state good claims, another problem is presented by the motions to dismiss on the ground that most of these claims show on their face that the action is barred by the statute of limitations. The Court must apply the statute of limitations of the State of New York. Austrian v. Williams, 2 Cir., 1952, 198 F.2d 697, certiorari denied 1952, 344 U.S. 909, 73 S.Ct. 328, 97 L.Ed. 701. The New York statute provides that an action on behalf of a corporation against an officer or director, or former officer or director, to "recover damages for waste or for an injury to property or for an accounting in connection therewith" must be brought within three years. New York Civil Practice Act, § 48(8), § 49(7). The

Bankruptcy Act provides that a trustee may institute proceedings upon a claim only where the period of limitations fixed by state or federal law had not expired at the time of filing the petition in bankruptcy. 11 U.S.C.A. § 29, sub. e.

The plaintiff concedes in its brief (p. 21) that if this Court is bound by Austrian v. Williams, supra, any claims against the defendant directors based upon breaches of duty not resulting in or attributable to personal profits to the directors are barred by the statute of limitations. Plaintiff urges, however, that the decision in Austrian v. Williams is incorrect and should not be applied by this Court. This Court must, however, be bound by the decision in that case since it is a decision of the Court of Appeals of this circuit, with certiorari denied by the United States Supreme Court. It would not be appropriate for a district court to disregard or fail to follow a rule of law laid down by the highest court of this circuit. Whether the Court agrees or disagrees with the reason for the decision in Austrian v. Williams is of no moment. The law has been decided by the Court of Appeals and unless such precedents are followed chaos would result in our judicial system.

 Each of the above causes of action, with the exception of the seventh and eighth, shows on its face that the authorizations for payments given by the directors were adopted more than three years prior to the filing of the petition in bankruptcy and that they are actions against former officers or directors to recover for waste. As such, in so far as the directors are not charged with having personally profited from their breaches of duty, the actions are barred by the applicable statute of limitations. New York Civil Practice Act, § 48(8), § 49(7).

 The plaintiff urges, however, that although authorizations for payments may have been made more than three years before commencement of the action, nevertheless certain payments made pursuant to those authorizations

may have been made within the three year period and urges that the actions against the directors for such payments are not barred by the statute of limitations. The only element of wrongdoing charged against the directors is the authorization of the payments or the authorization of contracts with knowledge that such payments or contracts would result in a waste of corporate assets. It was at that moment, if at all, that the wrong was done. If this act took place more than three years before the action was instituted then a cause of action against the directors based on such act is barred by the statute of limitations, even though as an administrative matter some of the payments may have been made later by the employees of the Debtor Corporation. Frank v. Carlisle, 1940, 261 App.Div. 13, 23 N.Y.S.2d 849, affirmed 1941, 286 N.Y. 586, 35 N.E.2d 932; Pollack v. Warner Bros. Pictures, App.Div.1943, 41 N.Y.S.2d 225.

On the face of the complaint the causes of action fourth through sixth and ninth through twelfth are barred by the statute of limitations, in so far as they seek relief against former officers or directors of the Debtor Corporation who are not charged with personally profiting from the waste of corporate assets. The motions of such defendants to dismiss these causes of action on such ground are granted.

However, in the seventh cause of action the directors are charged with authorizing wasteful contracts as late as June 30, 1953. Since all the directors who have moved to dismiss held their posts after August 11, 1951, the acts of all come within the three year statute of limitations, and the claims against them cannot be barred on this ground.

 Furthermore, in the eighth cause of action the time of the alleged wrongful acts is described only by the phrase "subsequent to July 6, 1950." Under this language the alleged wrongful acts may not necessarily have been committed in a period which would be barred by the statute of limitations, and since it does not appear on the face of the complaint that the actions were within the barred period so much of the motion as seeks to dismiss the eighth cause of action on the ground of the statute of limitations must be denied.

 In the fourth cause of action, defendant Cummins is alleged to have received $24,909.16, and in the fifth cause of action defendants Cohon, Campbell and James J. Crisona are alleged to have personally benefited to the extent of $7,500 as a result of wasteful authorizations made by themselves and the other defendant directors. To the extent these defendants have personally profited, the six year statute of limitations for money had and received applies, and the claims against them are therefore not barred. Gottfried v. Gottfried, 1945, 269 App. Div. 413, 56 N.Y.S.2d 50; Myer v. Myer, 1946, 271 App.Div. 465, 66 N.Y.S.2d 83, affirmed 1947, 296 N.Y. 979, 73 N.E.2d 562.

The motion to dismiss the seventh and eighth causes of action for failure to state a claim or cause of action, or on the ground of the statute of limitations, is denied. The motions to dismiss the remaining causes of action—except as specified for the fourth and fifth causes of action—are granted for the reasons heretofore set forth.

It is difficult to determine from the pleading whether the insufficiency of the complaint is due to the absence of facts which would constitute valid claims if asserted, or if the insufficiency is due to an ineptness of the pleader in that he had not thought through in advance the elements necessary to assert valid claims against the defendants. If the latter is the case the pleader should be permitted to change his hold by revising the pleading.

The Court therefore directs:

(1) Plaintiff shall have the right to file an amended complaint within 60 days of the date of this order.

(2) If no amended complaint is filed within 60 days, all the causes of action set forth in the complaint, with the exception of the seventh and eighth causes

of action, and with the exception of the claims against Cummins in the fourth cause of action and against James J. Crisona, Cohon and Campbell in the fifth cause of action, shall be dismissed for the reasons set forth in the foregoing opinion.

So ordered.