**SEABOARD WAREHOUSE TERMI-
NALS, INC., etc., Plaintiff,**

v.

**DUN AND BRADSTREET, INC., etc.,
Defendant.**

**No. 71–400–Civ.**

United States District Court,
S. D. Florida.

June 28, 1971.

Laurence S. Levenson, and Koeppel, Stark, Marks & Newmark, Miami, Fla., for plaintiff.

Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, Fla., for defendant.

### ORDER OF DISMISSAL

CABOT, District Judge.

This cause came before the court on the motion of the defendant, Dun and Bradstreet, Inc., to dismiss the amended complaint of the plaintiff for failure to state a claim upon which relief might be granted. The court issued an order on May 13, 1971, granting the defendant's motion to dismiss plaintiff's original complaint for the reason, that plaintiff's complaint only supported a libel per quod action, which required that special damages be alleged and the plaintiff failed to allege such damages. Plaintiff's amended complaint also fails to assert special damages, but instead retreats to the former position that the cause of action is one of libel per se. The court finds this unacceptable as a matter of law as expressed in the earlier order.

▮ A publication is libelous per se if, when considered alone without innuendo, it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace,

to injure one in his trade or profession, or to impute to another conduct, characteristics, or a condition incompatible with proper exercise of a lawful business or trade. Harwood v. Bush, Fla.App. 1969, 223 So.2d 359.

> The management and credit of a corporation and its solvency are all most carefully guarded by the law, and imputations against the same, imputing lack of credit, insolvency, or pecuniary difficulties are rightfully deemed of such injurious character as to be actionable per se without allegations of special damages. Diplomat Electric, Inc. v. Westinghouse Electrical Supply Co., 5 Cir. 1967, 378 F.2d 377, 383.

■ The publication in this case does not reflect that the plaintiff is insolvent, that it lacks credit, or that it is experiencing pecuniary difficulties, but merely rates the plaintiff's credit at $20,000 to $35,000 with a composite credit appraisal of "fair." Even though such a credit rating might in truth be an understatement of the plaintiff's financial worth, in actual practice a "fair" credit appraisal is not per se incompatible with the proper exercise of the plaintiff's trade or business and would not in the natural course of events cause damage to the plaintiff. See Eli E. Albert v. Dun & Bradstreet, Inc., S.D. N.Y.1950, 91 F.Supp. 283.

The commercial necessity for credit rating reports is widely accepted, and the courts should be hesitant to require credit rating agencies to attain such a high level of accuracy that the publications themselves will be discouraged. Additionally, the nature of credit rating reporting necessitates the exercise of judgment and therefore the ratings assigned will differ from reporter to reporter. What might be a "fair" rating to one would be a "good" rating to another. The possible financial harm to the plaintiff from the assignment of a "fair" credit rating by the defendant under the circumstances alleged in the amended complaint is minimal and does not counterbalance the liberality in reporting which is necessary in the commercial activity of the day. Accordingly, it is

Ordered and adjudged that the motion to dismiss be and the same is hereby granted with prejudice.