SARTIN v. BLACKWELL.

(In Banc. Dec. 9, 1946. Suggestion of Error Overruled Jan. 13, 1947.)

[28 So. (2d) 222. No. 36239.]

Jas. F. Noble, of Brookhaven, for appellant.

Lotterhos, Travis & Dunn, of Jackson, and J. N. Yawn and T. P. Brady, both of Brookhaven, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellee's evidence discloses that in July, 1944, she and a companion entered the ''White House Cafe'' owned and operated by the appellant, and ordered a meal consisting of two hamburgers each. The waitress who ac-

cepted this order then placed a glass of water at each of their places on the table at which they were seated. On drinking the water from her glass the appellee received therefrom and swallowed a piece of broken glass and an examination of the glass from which she drank disclosed that a broken piece of it was missing therefrom. On complaint being made by the appellee to the waitress the glass was removed and another containing water was substituted therefor. The appellee immediately consulted a physician who prescrbed for her the eating of certain foods, the purpose of which was to aid her in passing the glass. She passed the glass about a week thereafter, suffering in the meantime much pain; and blood attended the passing of the glass. The extent of the injury she received from swallowing this glass is not here material, for the reason that the amount of damages awarded her is not challenged by the appellant.

The only one of the appellant's assignments of error that requires a response from us is the one challenging an instruction for the appellee which charged the jury in appropriate language to find for her if they believed that she swallowed a piece of glass on the occasion and under the circumstances hereinbefore set forth "which was in or on said glass of water." The appellant's sole objection to this instruction is that he is liable to the appellee, if at all, solely on the ground of negligence. With this we are unable to concur. All of the authorities hold that the keeper of a public eating place must use due care to see that the food he serves his guests is fit for human consumption, and some of them, though a minority in number, hold further that he warrants the fitness for human consumption of the food and drink served by him for his guests. This conflict and the cases pro and con will appear from 36 C. J. S., Food, Sec. 61, p. 1109, and the authorities there cited; and 22 Am. Jur., Food, Section 101, and authorities there cited. The cases holding that there is no such implied warranty are based on the theory that the supplying of food to a guest for immediate consumption, by the keep-

er of a restaurant or inn does not constitute a sale thereof, or so much thereof as the guest appropriates, but that the whole transaction simply constitutes a service rendered by the keeper of the restaurant or inn to his guest. The cases holding the contrary are said by Mr. Williston to have been decided "with good reason" for "even though the transaction is not a sale, every argument for implying a warranty in the sale of food is applicable with even greater force to the serving of food to a guest or customer at an inn or restaurant. The basis of implied warranty is justifiable reliance on the judgment or skill of the warrantor, and to charge the seller of an unopened can of food for the consequences of the inferiority of the contents of the can, and to hold free from liability a restaurant-keeper who opens the can on his premises and serves its contents to a customer, would be a strange inconsistency. A sale is not the only transaction in which a warranty may be implied." 2d Ed., Williston on Sales, vol. 1, Sec. 242b. With this we agree.

It is not clear from the evidence whether this broken glass was loose in the water when it was placed on the table by the waitress, or came from the broken place in the glass in which the water was served after it was placed on the table and either before or while the water was being drunk by the appellee, for in either case the result here would be the same. The basis of the implied warranty here under consideration is the justifiable reliance by the guest to whom the keeper of a restaurant serves food for immediate consumption, on his judgment or skill in preparing and serving the food. In order to enable the guest to conveniently consume this food on his premises the keeper of the restaurant of necessity, and in accordance with universal custom, must furnish his guest with tableware from and with which to eat and drink. All of the reasons which justify reliance by the guest on the quality of the food apply with equal force to a justification for reliance by him on the freedom of this tableware from deleterious substances that would get into his mouth while

eating and drinking. To hold otherwise would result in an inconsistency and the application of a line of demarcation so shadowy in principle as not to be apparent to the mental vision.

This note of warning should probably be sounded. The appellee was not injured by something that was in and a part of the water in its natural state, but by a. foreign substance swallowed by her when drinking the water; therefore, whether or not this implied warranty covers impure water in its natural state is not here presented, and no opinion is expressed thereon.

Affirmed.

**Roberds, J.,** delivered a specially concurring opinion.

I concur in the affirmance of this case because, in my opinion, the proof of the plaintiff, which was evidently accepted by the jury, shows liability whether the case be grounded upon negligence or contractual liability. If the piece of glass was loosely attached to the glass vessel used to serve the water, the care and prudence of an ordinary person was not used—at least, the jury could have so found. The glass vessel was broken and cracked and this was obvious according to plaintiff's proof, and certainly a prudent and careful person would not have used that glass to serve customers. If the piece of glass was in the water, it is evident it had fallen therein from the cracked and broken part of the glass in which the water was served. It is so obvious that this might happen under the circumstances that the contractual rule of a prudent and careful person would cover such liability, and there is no need to invoke the liability of a warrantor. Therefore, in either case liability exists here. I do not wish to be committed to the rule of a warrantor on the part of a restaurateur who serves water drawn from a common source of water supply furnished to the public and inspected by public authorities, which apparently were the facts in this case.

**McGehee, J.,** delivered a specially concurring opinion.

I concur in the affirmance of the judgment appealed from, but I base my conclusion on the fact that I think that the undisputed facts disclose that it was negligence on the part of the cafe owner to serve a glass of water in which there was a piece of glass, or to serve the water in a glass that was broken to such an extent that the customer would get glass in her mouth from the top of the glass itself. I do not think that there was any implied warranty as to the condition of the glass itself, but merely as to the water not containing a foreign object or unwholesome substance. I do not think that the error in submitting the issue of both an implied warranty and negligence to the jury under the circumstances of this case had anything to do with the result reached.

**Alexander, J.,** delivered a dissenting opinion.

The error which I find justifies reversal is the giving of an instruction in behalf of the plaintiff which authorized judgment in her favor upon a mere finding that there was a bit of glass in the water. If the action is one upon warranty, it must be shown that the beverage was served with a dangerous foreign matter therein. If, however, the action is considered one upon negligence, the instruction is defective in not compelling a finding by the jury that the foreign particle came into the glass through the defendant's failure to use ordinary care.