**VOLIVA v. BENNETT.**

No. 14099.

United States Court of Appeals Fifth Circuit.

Jan. 29, 1953.

Rehearing Denied March 2, 1953.

John G. Simms, Miami, Fla., Johnson & Wiles, Chicago, Ill., of counsel, for appellant.

James W. Pritchard, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant, plaintiff below, is the widow, and appellee, the daughter by a former marriage, is the only child, of Wilbur Glenn Voliva, with whom appellant had lived in harmonious wedlock from 1916 until his death in 1942.

Alleging: "The defendant has in her possession or under her control approximately 1875 shares of common stock of Zion Industries, Inc. * * * or the proceeds thereof, which stock or the proceeds thereof is actually the property of plaintiff as more fully hereinafter set forth,"[1] ap-

---

1. Reduced to its substance, plaintiff's claim was: (a) that in 1931, Voliva created a trust for her benefit in stock which was subsequently exchanged for the stock she now sues for; and that in 1937 it came into the possession of the defendant as the result of plaintiff's signature having been procured to a paper of some kind, the exact nature of which she does not know, "purporting to divest the plaintiff of said stock", and to transfer it to the defendant.

(b) As to this transaction, while the complaint does allege that the defendant procured the stock "illegally, fraudulently, by reason of duress, false representation and undue influence", these are only conclusions and the facts alleged do not support or tend to support them.

(c) These facts are that in the home of plaintiff and her deceased husband, and in the presence of defendant, plaintiff, though she did not want to do it and remonstrated against doing so, signed, without reading, the paper presented to her by her deceased husband and at his demand, because of the domination, control, and influence of her husband and because of his statement to her that it was not necessary for her to read it, that the defendant, his daughter Ruth, "signed everything" he requested her to "without question", and also said to her, "You needn't worry, everything will be all right."

(d) She further alleged that she was devoted to her husband, admired him, and believed, as she was instructed to believe under the doctrine and teachings of her church, of which he was the organizer and head, that she was to obey him fully and completely in all of his demands, and because of these things, she was sub-

pellant sued for an accounting as to, and return thereof.

On June 8, 1950, the defendant promptly filed a motion to dismiss the petition, containing, among others, these grounds: (1) that the complaint fails to state a claim against defendant upon which relief could be granted; (2) that the statutes of limitation of Florida have barred the action; (3) that the complaint shows on its face that the plaintiff was guilty of laches; and has consented to the complained of acts of the defendant.

This motion coming on for hearing on March 27, 1952, nearly two years later, an order was entered dismissing the complaint without leave to amend, and plaintiff, appealing from that order, is here insisting that it was error to dismiss the complaint and more grievous error to dismiss it without leave to amend.

In opposition to the first ground of the motion, that the complaint fails to state a recoverable claim, appellant, invoking the decisions holding that, as against a motion to dismiss on the ground of no cause of action, the allegations of a complaint must be construed most favorably to the pleader, insists that the first ground was without merit.

As to the second ground of the motion, that the action was barred by the statutes of limitation, appellant, pointing out that the suit is not in law but in equity, insists that the invoked statutes are without application.

Finally, as to the third ground, that the suit is a stale demand and laches has barred it, appellant, though the complaint shows on its face a delay of thirteen years after the alleged wrongful action and of eight years after the death of her husband, before bringing suit, insists that nothing more is shown than mere lapse of time, and that lapse of time alone is not sufficient ground for dismissing a cause for laches.

For the reasons hereinafter briefly stated, we cannot agree with these views.

Giving the fullest permissible effect to appellant's claim that her complaint should be liberally construed in her favor, we cannot agree that it stated a reasonable claim. This is so because, instead, as she could have done, of relying upon the general statement of her claim, with which she begins her complaint, plaintiff descended to details in pleading the facts upon which she relies, and it is to the facts, rather than to the conclusions alleged, that we must look in determining whether, if proven, they would support recovery. Cf., Simmons v. Peavy-Welsh Lumber Co., 5 Cir., 113 F.2d 812, at page 813. When these are looked to it will be found that, instead, as required by Rule 9, Par. (b),[2] Federal Rules of Civil Procedure, 28 U.S.C.A. and by decisions dealing with actions for fraud, of alleging facts constituting fraud, the complaint contains only conclusions and no single fact showing or tending to show fraud.

What and all that is alleged, except by way of conclusion, is that plaintiff's signature was given at the request of her husband because of her respect and affection for, and confidence in, him, and because the long training of her life with him as head of her church and household had habituated her to conforming to his wishes and created an unwillingness to oppose him.

All that appears from the complaint is: that the stock which her husband had at first placed in trust for her had been released from that trust and disposed of in favor of his daughter; and that, after this was done, plaintiff, during the last five years of his life and for eight years after his death, did nothing to lay claim to or assert her interest in the stock or to undo what had been done.

No fact is alleged which shows, or tends to show, that in procuring the consent of

ject to his complete domination; and that after his death she was living in the same atmosphere of church domination and control and under the same influence and fear of putting herself in opposition to, or going against anything her deceased husband had done

2. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Gair v. Lockhart, Fla., 47 So.2d 826; Ruch's Estate, Fla., 48 So.2d 289.

plaintiff to the transfer to his daughter, her husband exercised any influence over her except the influence springing from her habit of wifely submission due to her respect for his wishes and her unwillingness to go contrary thereto.

If every fact alleged had been proven as alleged, no case entitling her to the relief sought would have been made out.

■ While it is true that the action was equitable, it is well settled that equity will, in a case like this, follow the law.[3] Especially will it enforce the Florida Statutes of Limitation of Four Years F.S.A. § 95.-11(4) where, as here, no cause of action for fraud is alleged, and the complaint shows that the plaintiff well knew many more than four years before she brought her suit all the facts of which she now complains.

■ Finally, we think it clear that the case as pleaded presents a stale demand which equity will not entertain or enforce. Though plaintiff's husband lived for five years after the instrument complained of was executed, she made no complaint of, took no action to obtain relief from, it during his life time while he was still available as a witness. Further, after waiting eight years more, she comes into court alleging no reason for her failure to proceed earlier except her continuing strong desire to do as he wished her to do and her equally strong aversion to going contrary to his wishes, and none for undoing at this late date what had been deliberately done by three members of a loving and united family acting in concert more than thirteen years before. C/o Ruch's Estate, Fla., 48 So.2d 289.

■■ The inexcusable delay which has marked this case both in its filing and in its prosecution furnishes, we think, complete justification not only for dismissing the suit but for dismissing it without leave to amend.

While the rules do enjoin liberality in granting amendments, their granting is within the sound discretion of the trial judge. The record in this case showing

that the suit was not only greatly delayed in its filing but also greatly delayed in its prosecution for two years more, we find nothing in the record to indicate that that discretion was abused.

The judgment was right. It is affirmed.

---

3. Webb v. Powell, 87 F.2d 983.