374 P.2d 497

John J. CHAVEZ and Mela Chavez, his wife,
Plaintiffs-Appellants,

v.

W. E. KITSCH, Defendant-Appellee,
BROWN PIPE & SUPPLY OF ALBUQUER-
QUE, INC., and Toby Watson, d/b/a Wat-
· son Plumbing & Heating Co., Third-Party
Defendants-Appellees.

No. 6915.

Supreme Court of New Mexico.

Sept. 13, 1962.

Lorenzo A. Chaves, Arthuro G. Ortega, Melvin L. Robins, Albuquerque, for plaintiffs-appellants.

C. Derwood Knight, William J. Sullivan, Gino J. Matteucci, Albuquerque, for third-party defendants-appellees.

Richard C. Civerolo, Albuquerque, for defendant-appellee, Kitsch.

CHAVEZ, Justice.

Plaintiffs-appellants filed a first amended complaint on January 26, 1960, alleging that on or about February 5, 1956, appellee, Kitsch, breached an express or implied warranty made to appellants of a certain house as being fit for human habitation. It was also alleged that a dangerous amount of carbon monoxide accumulated within the house causing the plaintiff, Mela Chavez, to become violently sick. The house, which was being sold by appellee, Kitsch, to ap-

pellants under a real estate contract, had been recently constructed by or at the request of appellee, Kitsch, and the plumbing and heating had been caused to be installed by him.

On March 25, 1960, appellee, Kitsch, filed a motion for leave to file a third party complaint against Brown Pipe & Supply of Albuquerque, Inc., the supplier of the heating equipment; against Mission Appliance Corporation, the manufacturer; and against Toby Watson, the plumber who did the installation. An order was entered granting leave to file the third party complaint, which was filed on March 25, 1960.

On April 5, 1960, appellee, Kitsch, filed his answer denying the allegations of the first amended complaint and affirmatively alleged the defense of assumption of risk.

On April 6, 1960, the third party defendants answered the third party complaint, generally denying the allegations. On May 9, 1960, the third party defendants filed a motion to dismiss the third party complaint on the ground that it was barred by the statute of limitations.

On May 11, 1960, appellee and third party plaintiff moved to dismiss the first amended complaint for the reason that it was barred by the statute of limitations.

On June 29, 1960, an order was filed dismissing appellants' first amended complaint and the third party complaint on the ground that both causes were barred by the statute of limitations. Appeal from this order was taken to this court.

Appellants' first point is that appellee, not having pleaded the statute of limitations as an affirmative defense in his answer, and not having raised the defense by motion filed prior to the answer, thereby waived the defense.

Appellants contend that the defense of the statute of limitations must be pleaded as an affirmative defense under Rule 8(c) of the Rules of Civil Procedure (§ 21–1–1(8) (c), N.M.S.A., 1953 Comp.) and that appellee, having failed to allege this defense in his answer, has waived this defense under Rule 12(h), (§ 21–1–1(12) (h), N.M.S.A., 1953 Comp.).

In Roe v. Sears, Roebuck & Co., (7 C.C.A.1943), 132 F.2d 829, it appears that the defendant filed its answer, the legal effect of which was a waiver of its defense of the statute of limitations, and subsequently moved for a summary judgment. The court held that the filing of the answer waived the defense of the statute of limitations and "It could not, therefore, unless relieved from its default, revive the defense it had waived." The court then stated that it was unnecessary to consider when a defendant may be excused from its failure to plead the statute of limitations, and be permitted to amend its answer, because the case presented no such question.

Thus from the language in Roe, the court recognized that a person who has waived the defense of the statute of limitations may be relieved from its default and may revive the defense it had waived, when relieved from default by the trial court.

While it is true that under Rule 8(c) a party should set forth affirmatively the defense of the statute of limitations, and generally this defense is waived if it is not asserted in a responsive pleading under Rule 12(h), trial courts may allow the pleadings to be amended to set up this defense. Emich Motors Corp. v. General Motors Corp., (7 C.C.A.1956), 229 F.2d 714, 59 A.L.R.2d 159.

In Emich the court, while conceding that a defendant's failure to plead the statute of limitations in the answer constituted a waiver, recognized that such a waiver is not final and that under some circumstances a defendant could be relieved in such a case under Rule 15(a), 28 U.S.C.A., which provides that leave to amend pleadings "shall be freely given when justice so requires." Emich also emphasized (1) that Rule 15(b) provides for liberality in permitting parties to amend their pleadings to conform to the evidence "even after judgment," and (2) that the question whether the defendant may amend its answer after remand is one which rests within the sound discretion of the trial court. See also, Carney v. McGinnis, 68 N.M. 68, 358 P.2d 694.

Our Rule 15 (§ 21–1–1(15), N.M. S.A., 1953 Comp.) is identical with the federal rule. Under this rule it has been held that the amendment of pleadings for the purpose of asserting the statute of limitations is a matter resting within the sound discretion of the trial court. Alvado v. General Motors Corporation, (D.C.S.D. N.Y.1961), 194 F.Supp. 314; Emich Motors Corp. v. General Motors Corp., supra; Wyoming Construction Co. v. Western Casualty & Surety Co., (10 C.C.A.1960), 275 F.2d 97; Taylor v. Reading Company, (D.C.E.D.Pa.1958), 23 F.R.D. 186; Ziegler v. Akin, (10 C.C.A.1958), 261 F.2d 88; Rogers v. White Metal Rolling and Stamping Corp., (2 C.C.A.1957), 249 F.2d 262; Chesapeake & Ohio Railway Company v. Newman, (6 C.C.A.1957), 243 F.2d 804; Bryne v. United States, (1 C.C.A.1955), 218 F.2d 327; Banking & Trading Corp. v. Reconstruction Finance Corp., (D.C.S.D. N.Y.1954), 15 F.R.D. 360; Voliva v. Bennett, (5 C.C.A.1953), 201 F.2d 434; and Young v. Garrett, (8 C.C.A.1947), 159 F. 2d 634.

The difficulty with which we are confronted is that appellees, having failed to plead the statute of limitations as an affirmative defense in their answer, have waived this defense under Rule 12(h) and this defense, having been waived, cannot be revived unless appellees are relieved from their default by the trial court upon a motion to amend the answer so as to

plead the defense of the statute of limitations. Under the present state of the record the answer stands unamended and we cannot assume that the trial court treated the motion to dismiss as a motion to amend the answer. The dismissal of the case, therefore, was improper. Kraushaar v. Leschin, (D.C.E.D.Pa.1944), 4 F.R.D. 143; Roe v. Sears, Roebuck & Co., supra; and Whitmarsh v. Durastone Co., (D.C.D.R.I. 1954), 122 F.Supp. 806.

█ Under point II the contention is made that appellants' cause of action is not barred by the statute of limitations, § 23–1–8, N.M.S.A., 1953 Comp., which provides:

"23–1–8. Action against sureties on official or fiduciary bonds—Two-year limitation—Actions against county or state officers—Injuries to person or reputation—Three-year limitation.— Those against sureties on official bonds and on bonds of guardians, executors, administrators and persons acting in a fiduciary capacity, within two [2] years after the liability of the principal or the person for whom they are sureties, shall have been finally established or determined by a judgment or decree of the court and those brought against any county or state officer for or on account of any liability incurred in the doing of any act in an official capacity or by the omission of any official duty

and for an injury to the person or reputation of any person, within three [3] years."

We cannot agree with this contention. As early as 1918 in the case of Musgrave v. McManus, 24 N.M. 227, 173 P. 196, L.R. A.1918F, 348, this court, in passing upon this statute which was then § 3350, N.M. S.A., 1915 Codification, held that the statute required that an action for personal injuries be brought within three years. We also held in that case that exceptions contained in statutes of limitation are to be strictly construed and that persons imprisoned are not under any legal disability within the meaning of the statute.

We recently held in the case of Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149, that in an action brought by a husband as administrator and for himself and as next friend of his children, for damages arising out of injury and death of his wife, that § 23–1–8, supra, applied, and that the action should have been filed within three years from the date of the injury.

█ Appellants also contend that the cause of action is ex contractu, being based upon the breach of an implied warranty and thus governed by § 23–1–4, N.M.S.A., 1953 Comp., which provides:

"23–1–4. Accounts—Unwritten contracts—Injuries to property—Conversion—Fraud—Unspecified actions—

**444**

Four-year limitation.—Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years."

This contention is also without merit. Appellants' cause of action is basically one for injuries to the person of appellant, Mela Chavez. The majority rule is well established, that where the action in its effect is one for the recovery of damages for personal injury, the statute of limitations for injuries to the person applies, even though the cause of action stated is ex contractu in its nature. 1 A.L.R. 1313; 157 A.L.R. 766. See also, Kilkenny v. Kenney, supra, wherein we held that since the injury was one to the person that § 23–1–8, supra, applied, and not § 23–1–4, supra.

The cause is reversed and remanded to the trial court with direction to reinstate the cause on the docket of said court and proceed in accordance with the views herein expressed.

IT IS SO ORDERED.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.