Robert **LEVONDOSKY** and Loretta **Levondosky, Plaintiffs,**

v.

**MARINA ASSOCIATES d/b/a Harrah's Marina Hotel Casino and John Doe, a fictitious name, Defendants.**

**Civ. A. No. 88–3349.**

United States District Court, D. New Jersey.

March 8, 1990.

Leonard, Tillery & Davison by Gregory E. Sciolla, Moorestown, N.J., for plaintiffs.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade P.C. by Sarabeth Egan Howarth, Cherry Hill, N.J., for defendants.

## OPINION

COHEN, Senior District Judge:

This negligence, warranty, and strict liability action comes before the court on a motion for partial summary judgment by defendant, Marina Associates d/b/a Harrah's Marina Hotel Casino, against plaintiffs, Robert and Loretta Levondosky. Defendant maintains that there is no genuine issue of fact regarding plaintiffs' warranty and strict liability claims, and that they are entitled to partial summary judgment as to these claims.

### FACTS

Plaintiff, Robert Levondosky, was a patron at defendant's hotel and casino in Atlantic City. While playing at one of the gaming tables, he ordered an alcoholic beverage from a cocktail server. The beverage was served free of charge. Plaintiff maintains that he swallowed a few thin chips of glass from the rim of the glass in which the beverage was served, and that he suffered injury therefrom. Consequently he, and his wife, instituted this action for negligence, breach of warranty, and strict liability.

### DISCUSSION

It is axiomatic that the standard for granting summary judgment is a stringent one. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986); *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must determine all doubt

in favor of the non-moving party. *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismissed*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972).

For purposes of this motion, the court accepts Robert Levondosky's version of the incident, including his allegation that he suffered from internal injuries. In this diversity action the court must determine whether, under these facts, New Jersey would find the express and implied warranty provisions of N.J.Stat.Ann. 12A:2–313 and 12A:2–314 applicable, and whether strict liability may be imposed on defendant. We will deal with each of these issues in turn.

### Express Warranty

■ N.J.Stat.Ann. 12A:2–313 provides that "[e]xpress warranties by the seller are created [by] any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain, ... [or by] any description of the goods which is made part of the basis of the bargain, ... [or by] [a]ny sample or model which is made part of the basis of the bargain."

In the instant case, defendant's employee, a cocktail server, gave plaintiff, Robert Levondosky an alcoholic beverage free of charge. The cocktail server did not promise anything regarding the beverage, did not describe the beverage, and did not provide any sample or model beforehand. She simply served the beverage without comment. Plaintiff has not asserted any facts to the contrary, and a "motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986)). There is no evidence before the court that an express warranty was created. Therefore defendant's motion for summary judgment as to plaintiffs' express warranty claim shall be granted.

### Implied Warranty

"Since 1960 the terminology of liability has changed from 'implied warranty' to 'strict liability', but the jural foundation of liability has remained unchanged. New Jersey has recognized that, as between an implied warranty theory and a strict liability theory, '[t]he governing principles are identic'." *Huddell v. Levin*, 537 F.2d 726 (3d Cir.1976) (citing *Jackson v. Muhlenberg Hospital*, 96 N.J.Super. 314, 324, 232 A.2d 879 (1967)). The nature of this case lends itself more strongly to the rubric of strict liability in tort, than to implied warranty, although there is a colorable claim under either one. Due to the distinct statutory basis of implied warranty, and differences between strict liability and warranty in their application, we will deal with each claim separately despite the identical underlying principles.

■ N.J.Stat.Ann. 12A:2–314 provides that:

"a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to the goods of that kind. Under this section the *serving for value of* food or *drink to be consumed ... on the premises ... is a sale.* Goods to be merchantable must be at least such as ... are *adequately contained ...*"

(emphasis added). The first inquiry is whether a "sale" occurred. The statute describes the "serving for value of food or drink" as a sale. There is no doubt that defendant's employee served plaintiff, Robert Levondosky, a drink. It is less clear, however, whether defendant served that drink for "value".

Defendant was offering complimentary drinks to its patrons. Nonetheless, it was not offering these drinks out of any sense of hospitality or charity. Defendant runs a casino, and the complimentary drinks were offered as an incentive to patrons to gamble, and therefore enhance defendant's business. The statute requires that the seller be "a merchant with respect to goods of that kind." Defendant serves these

drinks on a regular basis as part of its business. In fact, it would be difficult to imagine a casino without alcoholic beverages. While Robert Levondosky did not pay the cocktail server a specific amount of money for the drink in question, he was giving defendant his gambling patronage in return.[1] "It was not the intention of the framers of the Uniform Commercial Code to limit the birth of implied warranties to transactions which technically meet its definition of a sale." *Newmark v. Gimbels Inc.*, 54 N.J. 585, 258 A.2d 697, 258 A.2d 697 (1969).

In *Newmark* the plaintiff was injured by a hair product applied by her hairdresser. The court found that while the plaintiff was primarily paying for the hairdresser's services, there was still an implied warranty as to the hair products. When the plaintiff paid for the service, she also paid for the product. That sale gave rise to an implied warranty. In this case, Robert Levondosky paid for the drink when he purchased the services provided by the casino. When he purchased "chips" from the casino in order to gamble, he was "buying" the gambling services as well as all the incidentals that came with it. We therefore find there was a "sale" for purposes of an implied warranty.

Defendant argues that finding a sale in this instance, would unduly broaden liability under implied warranty provisions. Defendant uses the example of an art gallery serving free wine at an opening, and an accident resulting therefrom. This case, however, differs significantly from that example. A visitor to an art gallery opening is free to enter the gallery, view the art work, have some of the wine and leave without any payment whatsoever. In this case, the casino only serves drinks to patrons who have purchased gambling chips, and are gambling. Defendant also argues that serving free drinks is like offering free parking and restroom facilities, and that finding implied warranties for these services would be unduly burdensome. Free parking and restroom facilities, how-ever, are purely services, and as services not subject to the implied warranty provision. A drink, on the other hand, is a good to be consumed by the gambling patron.

▉ The second inquiry is whether the defendant gave an implied warranty as to the glass as well as to the drink in it. Robert Levondosky was the ultimate consumer of the drink, but the glass remained the property of defendant. In *Shaffer v. Victoria Station, Inc.*, 91 Wash.2d 295, 588 P.2d 233 (1978) the Supreme Court of Washington was faced with a similar situation. In that case plaintiff ordered a glass of wine and the glass broke in his hand causing permanent injury. The state of Washington adopted the identical provision from the Uniform Commercial Code regarding implied warranties as did the state of New Jersey.

In the opinion of the Supreme Court of Washington, when the "Uniform Commercial Code states 'the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale' and that such food and drink must be 'adequately contained, packaged and labeled as the agreement may require,' it covers entirely the situation [when a glass causes injury].... The drink sold includes the wine and the container both of which must be fit for the ordinary purpose for which used." *Id.* We agree. Defendant gave Robert Levondosky an implied warranty that the drink served was fit for consumption. If that drink was not properly contained, it was not fit for consumption. Therefore, defendant's motion for summary judgment regarding plaintiffs' claim as to implied warranty shall be denied.

*Strict Liability*

▉ "Imposition of strict liability has been justified on the basis that the manufacturer or seller is in a better position than the consumer to guard against defects in the product." *Dixon v. Four Seasons Bowling Alley, Inc.*, 176 N.J.Super. 540, 545, 424 A.2d 428 (App.Div.1980). More-

---

1. It is common knowledge the casinos are not charitable institutions, and the odds at the gam-bling tables are set in their favor.

over, just as New Jersey has relaxed the requirement of a technical sale in implied warranty, it has also "clearly rejected the argument that a technical sale occur before strict liability will be imposed." *Michalko v. Cooke Color & Chemical Corp.*, 91 N.J. 386, 401, 451 A.2d 179 (1982). "Thus defendant's argument that strict liability cannot be applied in the absence of a 'sale' is unavailing." *Id.* at 401, 451 A.2d 179.

Defendant cites *Dixon v. Four Seasons Bowling Alley, Inc.*, 176 N.J.Super. 540, 424 A.2d 428 (App.Div.1980) to bolster its position that strict liability should not be imposed in this case. In *Dixon* plaintiff was a patron at defendant's bowling alley. She picked out one of the bowling balls made available to her by defendant. The bowling ball was chipped, and while using it she injured her finger. The court found that strict liability should not be imposed. The court relied on the following factors; 1) plaintiff selected her own ball without the assistance of defendant; 2) she could have brought her own ball; 3) the balls were part of a larger service; 4) she did not rely on defendant's expertise for the safety of the ball; 5) she only used the ball for a short time on defendant's premises; and 6) she was in just as good a position to guard against injury as the defendant.

Dixon's only similarity to this case is factor number 3, the drink was part of a larger service. Robert Levondosky, however, did not choose his own glass. He drank what was served to him. He could not have brought his own alcoholic beverage, he relied on defendant for the safety of the drink and the drink was for consumption, not to be returned to defendant. Although he was to return the glass, we consider it part and parcel of the drink. Most importantly defendant was in a better position than Mr. Levondosky to guard against injury.

Defendant purchased the glass. It was in a better position to determine whether the glass was of sufficient quality. It knew how old the glass was, approximately how many times it had been used, and how the glass had been washed and stored. Defendant's employee poured the drink into the glass. She was in a better position to inspect the glass before the liquid might obscure the defect. "The policy underlying strict liability, stated quite simply, is to provide that the cost of injury or property damage is borne not by the injured or damaged person who is unable to protect himself or herself, but by those who create the opportunity for a defective product to be used." *Gentile v. MacGregor Mfg. Co.*, 201 N.J.Super. 612, 622, 493 A.2d 647 (Law Div.1985). We therefore find that strict liability is appropriate in this case and defendant's motion for summary judgment regarding plaintiffs' claim as to strict liability shall be denied.

For the aforementioned reasons defendant's motion for partial summary judgment shall be granted in part and denied in part.