888 P.2d 471

Tina **FERNANDEZ**, Plaintiff–Appellant,

v.

**CHAR–LI–JON, INC.,** a New Mexico corporation, Defendant–Appellee.

No. 15639.

Court of Appeals of New Mexico.

Sept. 21, 1994.

Alexander A. Wold, Jr., Walter M. Hart, III, Alexander A. Wold, Jr., P.C., Albuquerque, for plaintiff-appellant.

Steven S. Taylor, Albuquerque, for defendant-appellee.

## OPINION

BLACK, Judge.

On April 14, 1993, Tina Fernandez ("Plaintiff") sued The Caravan East Nite Club, Inc. ("Caravan"), advancing one count of negligence and one count of strict liability in tort. Plaintiff alleged that she had been served a drink that contained pieces of glass at the

Caravan East Nightclub ("the nightclub") on April 20, 1990. Caravan had, however, sold its interest in the nightclub in 1972. Char–Li–Jon, Inc. ("CLJ") was the owner of the nightclub at the time of the alleged injury. CLJ received a copy of the complaint on June 14, 1993. On August 9, 1993, Plaintiff filed an amended complaint naming CLJ and adding two counts of breach of warranty. CLJ moved to dismiss on the ground that the appropriate statute of limitations had run before it received notice or was named a defendant. The district court granted the motion. We affirm the dismissal of the negligence and strict liability counts but reverse on the warranty counts.

## I. STANDARD OF REVIEW

A complaint is subject to dismissal if it does not allege facts which could entitle the plaintiff to relief. SCRA 1986, 1–012(B)(6) (Repl.1992) ("Rule 12"); *Rummel v. Edgemont Realty Partners, Ltd.*, 116 N.M. 23, 25, 859 P.2d 491, 493 (Ct.App.), *cert. denied*, 115 N.M. 709, 858 P.2d 85 (1993). Rule 12 dismissal is a remedy not often justified. *See Rummel*, 116 N.M. at 25, 859 P.2d at 493. In reviewing a dismissal under Rule 12, we will accept as true all facts properly pleaded. *Id.*

## II. BACKGROUND

The original summons was issued in the name of Caravan. Vonlo, Inc. was the registered owner of the nightclub at the time the original suit was filed and was served in May 1993. On May 26, 1993, Plaintiff applied to the court for an alias summons pursuant to SCRA 1986, 1–004(K) (Repl.1992). CLJ received the alias summons by mail on June 14, 1993. On August 9, 1993, more than three, but less than four years after the incident, Plaintiff filed an amended complaint first naming CLJ as an additional defendant. The new complaint also added claims for breach of the implied warranties of merchantability and fitness for a particular purpose.

## III. TORT CLAIMS

### A. Statute of Limitations

Plaintiff alleged her injury occurred on April 20, 1990. She filed her

lawsuit on April 14, 1993, but did not serve CLJ until June 14, 1993. She did not serve CLJ with a complaint that named CLJ as a defendant until September 27, 1993. In addition to the warranty claims, both Plaintiff's original complaint and her amended complaint contained one count sounding in negligence and another based upon strict liability. An action seeking recovery for personal injury as a result of a defendant's alleged negligence is governed by the three-year period of limitation contained in NMSA 1978, Section 37–1–8 (Repl.Pamp.1990). *See New Mexico Elec. Serv. Co. v. Montanez*, 89 N.M. 278, 281, 551 P.2d 634, 637 (1976) (citing the predecessor to Section 37–1–8). An action seeking recovery for personal injury under strict liability is governed by the same three-year statute of limitations. *See Bassham v. Owens–Corning Fiber Glass Corp.*, 327 F.Supp. 1007, 1008 (D.N.M.1971) (citing the predecessor to Section 37–1–8).

Plaintiff did not name or serve CLJ as a defendant in this action until more than three years had passed. The counts seeking to recover for Plaintiff's personal injuries based on strict liability and CLJ's alleged negligence are therefore barred by Section 37–1–8.

## B. *Relation Back*

 Plaintiff argues that the amended complaint against CLJ "related back" to the date of filing the original complaint and thus complied with Section 37–1–8. Plaintiff's "relation back" argument is premised on SCRA 1986, 1–015(C) (Repl.1992) ("Rule 15"), which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The notice requirements of Rule 15 protect a defendant's right to invoke the statute of limitations. *Romero v. Ole Tires, Inc.*, 101 N.M. 759, 762, 688 P.2d 1263, 1266 (Ct.App. 1984). Absent such notice a defendant is entitled to assume that, if it is not joined prior to the limitations period, the statutory limit will serve as a bar to a plaintiff's claim. *Id.* at 763, 688 P.2d at 1267. Plaintiff does not contend she provided CLJ notice of her suit within the three years mandated by Section 37–1–8, or that there is any corporate affiliation between CLJ and either Caravan or Vonlo. Rather, she argues that because each of these latter corporate entities had notice of the suit within the three-year statute of limitations, these "successive corporations owning the same business have an 'identity of interest'" under Rule 15. *Galion v. Conmaco Int'l., Inc.*, 99 N.M. 403, 658 P.2d 1130 (1983) (parent and its subsidiary have "identity of interest").

Since the federal version of Rule 15 in effect from 1966 to 1991 was virtually identical to the language of our rule, *see* 3 James W. Moore & Richard D. Freer, *Moore's Federal Practice* ¶ 15.01[8] (2d ed. 1994), we will consider pre–1991 federal precedent in evaluating Plaintiff's argument, *see Albuquerque Nat'l Bank v. Clifford Indus., Inc.*, 91 N.M. 178, 180–81, 571 P.2d 1181, 1183–84 (1977) (federal law and commentaries on the law are most helpful in considering meaning of New Mexico rule patterned on federal rule). The identity of interest test has been interpreted to require the parties to be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1499, at 146 (2d ed. 1990). For example, in *Slack v. Treadway Inn*, 388 F.Supp. 15, 18–19 (M.D.Pa.1974), the court found that a successor in interest in the operation of a lodge was "entirely different" from and independent of

its predecessor, and therefore relation back under the federal counterpart to Rule 15 was improper. CLJ is not affiliated with or related to either Caravan or Vonlo. Therefore, CLJ did not have an "identity of interest" with either Caravan or Vonlo, and Plaintiff is not entitled to relation back under Rule 15.

## IV. *WARRANTY CLAIMS*

■ Plaintiff argues that, even if her tort claims are barred, her warranty claims are governed by the four-year statute of limitations found in NMSA 1978, Section 55–2–725 (Repl.Pamp.1993), and her warranty claims are not barred. CLJ, on the other hand, argues that Plaintiff's cause of action is basically one for personal injury, and the three-year limit of Section 37–1–8 should control.

Courts have struggled with whether the personal injury statute of limitations or the Uniform Commercial Code statute of limitations applies in an action for personal injury which could be predicated on either strict liability or breach of an implied warranty. *See* Andrea G. Nadel, Annotation, *What Statute of Limitations Applies to Actions for Personal Injuries Based on Breach of Implied Warranty Under UCC Provisions Governing Sales (UCC § 2–725(1))*, 20 A.L.R.4th 915 (1983); *cf. Chavez v. Kitsch*, 70 N.M. 439, 444, 374 P.2d 497, 500 (1962) (in action filed prior to adoption of the UCC, the Supreme Court applied three-year personal injury limitations period, even though plaintiff had pled warranty claims, because action was in essence one for personal injury). Various courts have advanced different rationales to support the adoption of either the tort or the UCC limitation period in different factual settings. *See* 5 Ronald A. Anderson, *Anderson on the Uniform Commercial Code* §§ 2–725:91 and 2–725:92, at 260–63 (3d ed. 1994 rev.); *see also Taylor v. Ford Motor Co.*, 185 W.Va. 518, 408 S.E.2d 270, 272 (1991) (at least three lines of authority on this question). Several jurisdictions even appear to retain two or more, arguably conflicting, lines of precedent on this issue. *See* Nadel, *supra*, at 934–40.

Fortunately, we do not need to enunciate a universal rule. We need only determine which limitation period applies to the present case. CLJ argues that an on-the-premises sale of an alcoholic beverage is not a sale of goods governed by the UCC. CLJ extends this argument by denying that it had a buyer/seller relationship with Plaintiff as required by the UCC. This argument, however, is directly refuted by the language of NMSA 1978, Section 55–2–314(1) (Repl. Pamp.1993), which provides:

> Unless excluded or modified (Section 2–316 [55–2–316 NMSA 1978]), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. *Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.*

(Emphasis added.) Section 55–2–314 clearly applies to the fact situation alleged by Plaintiff. *See, e.g., Levondosky v. Marina Assocs.*, 731 F.Supp. 1210, 1212 (D.N.J.1990); *cf. Shaffer v. Victoria Station, Inc.*, 91 Wash.2d 295, 588 P.2d 233, 234 (1978) (en banc).

Chapter 37 of the New Mexico Statutes Annotated, where the tort statute of limitations, § 37–1–8, is codified, begins with the admonition that the statutes of limitations in that chapter apply "except when otherwise specially provided." NMSA 1978, § 37–1–1 (Repl.Pamp.1993). Section 55–2–725 is just such a "special provision". Since the provisions of Section 55–2–314 specifically apply to the sale of drink to be consumed on the premises, the "special provision" of the companion statute of limitations, Section 55–2–725, governs claims arising from such sales. It follows that the UCC statute of limitations designed specifically for sales transactions should apply rather than the more general statute for personal injuries. *See, e.g., Saraniero v. Safeway, Inc.*, 540 F.Supp. 749, 752 (D.Kan.1982) (mem.) (UCC 2–725 limitation period applies when customer injured by drink container); *cf. State v. Hollenbeck*, 112 N.M. 275, 277, 814 P.2d 143, 145 (Ct.App. 1991) ("[W]here there are general laws and special laws, the special laws control."). The limitation period for sales is four years, and Plaintiff's warranty claims were filed against CLJ within that period.

## V. CONCLUSION

The three-year limitation period for personal injuries bars Plaintiff's tort claims against CLJ. Since CLJ did not receive notice of the claim within the three years and CLJ had no "identity of interest" with the other corporations which operated the night-club, Plaintiff's subsequent claim against CLJ did not relate back to the filing of the original complaint. The district court's dismissal of the negligence and strict liability claims is affirmed. The district court, however, erred in dismissing Plaintiff's warranty claims. The Plaintiff's warranty claims clearly derived from a sale of "drink to be consumed either on the premises or elsewhere," so the UCC limitation period for sales, four years under Section 55-2-725, applies.

The district court is directed to reinstate the warranty counts of Plaintiff's complaint.

IT IS SO ORDERED.

MINZNER, C.J., and HARTZ, J., concur.