**Certiorari Granted, May 10, 2013, No. 34,085**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-058**

**Filing Date: February 7, 2013**

**Docket No. 31,162**

**KENNETH BADILLA,**

> **Plaintiff-Appellant,**

**v.**

**WAL-MART STORES EAST, INC., d/b/a
WAL-MART #850, WAL-MART STORES
EAST, LP, and MEL DISSASSA,**

> **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
C. Shannon Bacon, District Judge**

Garcia Law Firm
Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jeffrey M. Croasdell
Patrick M. Shay
Albuquerque, NM

for Appellees

## OPINION

**KENNEDY, Chief Judge.**

**{1}** This case requires us to determine whether a complaint based solely on the Uniform Commercial Code's (UCC) provisions for breach of warranty, but seeking personal injury

damages, is a claim under the UCC or a tort claim for personal injury. The determination affects which statute of limitation applies and, thus, whether the claim was properly dismissed as barred under the three-year limit on personal injury actions. We hold that the three-year personal injury statute of limitation applies because the essence of the claim is for personal injury, even though it is presented as a breach of warranty. Such a determination is in keeping with New Mexico's historical distinction between tort and contract claims based on the nature of the claimant's injury and the primacy of our tort statute of limitation in the absence of a more specific statute. Because the statute of limitation issue is dispositive, we need not address the merits of the claim under contract law. We affirm the district court's dismissal of the case as time barred.

## I. BACKGROUND

{2}    Plaintiff Kenneth Badilla worked as a tree trimmer. He bought a pair of work boots at Wal-Mart on October 19, 2003. The boots' label stated "IRON TOUGH[, r]ugged [l]eather [b]oots" that "[m]eets or exceeds ASTM F 2413-05 standards," which provides for specification for performance requirements for foot protection.[1] Badilla wore the boots between eight and twelve hours per day, six days a week, for the next nine months, between 1871 and 2805 hours. He stated that as "the boots wear down[,] the yellow rubber piece tends to unglue itself and roll up as you are walking, making it very dangerous when working." Badilla neither attempted to return the boots nor obtain a refund. He also stated that he was unaware of any defect in the boots that made them unsafe.

{3}    On July 28, 2004, Badilla tripped while lifting a large log. He could not get out of bed the following morning. He was driven to the hospital and was told that "he had two ruptured or bulging discs." Badilla eventually had surgery. He pursued a workers' compensation case and received a stipulated compensation order.

{4}    Badilla filed a complaint against Wal-Mart on September 20, 2007, alleging breach of express and implied warranties of the boots. Wal-Mart moved for summary judgment, claiming that Badilla's lawsuit was barred by the statute of limitation for personal injury claims. The district court granted the motion, despite Badilla's assertion that his claims should be governed by the four-year statute of limitation under the UCC's warranty provisions. Badilla appealed the dismissal of his complaint.

## II. DISCUSSION

{5}    The sole issue we face is whether a breach of warranty lawsuit that only seeks

---

[1] 29 C.F.R. § 1910.136 (2009) (outlining what footwear employers must ensure employees use under the Occupational Safety and Health Administration, which requires protection against falling or rolling objects, objects piercing the sole, and when an employee's feet are exposed to electrical wires).

damages for personal injury should be governed by the tort statute of limitation or that governing the sale of goods. We must determine whether to apply the limitation governing the named cause of action or the one based upon the essence of the claim.

{6}    We review grants of summary judgment under a de novo standard of review. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (stating that "[s]ummary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law"); *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146 (holding that "if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review").

{7}    The UCC provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued" and that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." NMSA 1978, § 55-2-725 (1), (2) (1961). In contrast, NMSA 1978, Section 37-1-8 (1976) provides generally that "[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years."

{8}    Badilla's injuries were personal, rather than related to any failure of the purchase of the boots. He stated that his "objective was not to recoup the cost of the boots but to recover damages." His amended complaint stated that the loose sole of the boots led to his personal injury, by causing "[Badilla] to fall backwards with extensive force causing [him] to suffer damages, including severe, painful[,] and permanent mental and physical injury, loss of earnings[,] and medical expenses." In seeking redress for his injury, however, he couched his claim under contract law, suing Wal-Mart on three counts: breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. These causes of action are found in New Mexico's adoption of the UCC, NMSA 1978, §§ 55-2-313 to -315 (1961).

{9}    Although other jurisdictions have addressed the issue of whether personal injury or UCC time limits apply to such cases with disparate results, New Mexico lacks a definitive rule. Some courts, in facing claims for personal injury under breach of warranty theories, have applied the UCC statute of limitation period regardless of what type of remedy is sought. *See, e.g.*, *Wieser v. Firestone Tire & Rubber Co.*, 596 F. Supp. 1473, 1475 (D. Colo. 1984) (stating that applying the UCC limitations period is the majority rule); *Sille v. McCann Contsr. Specialties Co.*, 638 N.E.2d 676 (Ill. App. Ct. 1994); *Daugherty v. Farmers Coop. Ass'n*, 689 P.2d 947 (Okla. 1984); *Garcia v. Texas Instrument, Inc.*, 610 S.W.2d 456 (Tex. 1980).

{10}    However, other jurisdictions have applied the tort limitations period, reasoning that the essence of the claim determines the applicable statute of limitation. *See, e.g.*, *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234 (8th Cir. Ark. 1994); *Abate v. Barkers of Wallingford, Inc.*, 229 A.2d 366 (Conn. C.P. 1967); *Waldron v. Armstrong Rubber Co.*, 236 N.W.2d 722

3

(Mich. Ct. App. 1975). These courts reasoned that, "[w]here the injury is personal, the statute relating to personal injury actions applies." *Kinney v. Goodyear Tire & Rubber Co.*, 367 A.2d 677, 681 (Vt. 1976). This rationale is consistent with our practice in New Mexico to "look to the nature of the right sued upon, and not the form of action or relief demanded, to determine the applicability of the statute of limitations to a cause of action." *Martinez v. Cornejo*, 2009-NMCA-011, ¶ 29, 146 N.M. 223, 208 P.3d 443 (alterations, internal quotation marks, and citation omitted).

**{11}** New Mexico has historically distinguished claims for personal injuries from contractual claims, thereby aligning New Mexico more closely with this second line of cases. *Chavez v. Kitsch*, 70 N.M. 439, 374 P.2d 497 (1962); *Kilkenny v. Kenney,* 68 N.M. 266, 361 P.2d 149 (1961); *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct. App. 1972). In *Chavez,* our Supreme Court determined that when a couple sued a plumber for breach of express and implied warranty for faulty work resulting in injury caused by accumulation of carbon monoxide in their home, the "[a]ppellants' cause of action is basically one for injuries to the person of appellant" and, therefore, "the statute of limitations for injuries to the person applies, even though the cause of action stated is ex contractu in its nature." 70 N.M. at 444, 374 P.2d at 500. The court in *Chavez* cited to *Kilkenny*, which determined that a pre-UCC statute of limitation for damages to property did not apply to the suit by the decedent's husband for medical expenses and loss of consortium while his wife was in a diabetic coma. *Kilkenny*, 68 N.M. at 270, 361 P.2d at 151. The *Kilkenny* court reasoned that the suit was based on "injury to the person," which was covered by a three-year statute of limitation. *Id.* (internal quotation marks and citation omitted). The court in both cases looked to the gravamen of the claim, rather than the plaintiff's terminology.

**{12}** We agree that when a personal injury is the basis for a breach of warranty suit, the essence of the injury should govern which statute of limitation applies. In contrast, the UCC applies to cases involving the sale of goods. NMSA 1978, § 55-2-102 (1961). In this case, Badilla fails to show that his claim is rooted in a breach of warranty based on the sale of goods.[2] Badilla's claims, which he described as undisputedly for personal injury, rather than loss based on the commercial value of the boots, must remain subject to the three-year personal injury statute of limitation.

**{13}** Badilla argues that the four-year statute of limitation for breach of warranty under the UCC should apply to his claims. Section 55-2-725. He states that the UCC should apply because it is narrower and applies to sales transactions, rather than the general statute for personal injuries. Badilla relies on our limited holding in *Fernandez v. Char-Li-Jon, Inc.*, 119 N.M. 25, 888 P.2d 471 (Ct. App. 1994), *abrogated on other grounds by Romero v. Bachicha*, 2001-NMCA-048, ¶ 16, 130 N.M. 610, 28 P.3d 1151, to support his position that

---

[2] The fact that Badilla never attempted to provide the required notice of the alleged warranty's failure reinforces our determination of the essence of the claim as one for personal injury.

4

the UCC limitation should apply. In *Fernandez*, this Court determined that the plaintiff's claims under breach of warranty for injury from glass shards in a drink were controlled by the UCC's four-year statute of limitation. 119 N.M. at 29, 888 P.2d at 475. However, we declined "to enunciate a universal rule," *id.* at 28, 888 P.2d at 474, and based our ruling on the UCC's use of language specific to the sale of a "drink to be consumed on the premises" to cover this instance. *Id.*

**{14}** We reasoned in *Fernandez* that the general tort statute of limitation applies "except when otherwise specially provided" and that the UCC provision at issue was just such a special provision. *Id.* at 28-29, 888 P.2d at 474-75 (internal quotation marks and citation omitted). This is in accordance with *Chavez*, in which our Supreme Court stated that "exceptions contained in statutes of limitation are to be strictly construed." 70 N.M. at 443, 374 P.2d at 500 (referring specifically to the personal injury statute of limitation). We note that, in the case at hand, there is no such applicable special provision, and we do not consider the broad warranty provisions of the UCC to be comparable to the food-and-drink provision, which we relied on in *Fernandez*. Because the tort statute establishes its own general primacy over other statutes of limitation, we are not persuaded by Badilla's argument.

**{15}** Badilla also relies on the Committee Commentary to Uniform Jury Instruction 13-1430 NMRA, which states that both strict liability in tort and breach of warranty in contract may provide theories under which a plaintiff may pursue product liability claims. He uses the UJI to support his point that contract and tort theories co-exist for breach of warranty cases. However, the Committee Commentary "suggests use of the tort standard in personal injury cases and use of the merchantability standard in commercial cases." *Id*. The tort standard referred to in the UJI is the strict liability standard in the Restatement (Second) of Torts, § 402(A) (2012). The UJI, while it addresses the overlap between tort and contract law, does not contribute to our analysis of the applicable statute of limitation.

**{16}** Because the issue of the statute of limitation is dispositive, we need not address the merits of Badilla's claim under contract law. "Application of a statute of limitations merely bars the remedy on a stale claim without determining the underlying validity of that claim or modifying it in any way." *Britton v. Britton*, 100 N.M. 424, 428, 671 P.2d 1135, 1139 (1983). "Even if we presume without deciding [the merits of the case are valid], our conclusion concerning the district court's application of the statute of limitations is dispositive and requires affirmance." *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶ 13, 148 N.M. 804, 242 P.3d 371.

## III. CONCLUSION

**{17}** We hold that the three-year personal injury statute applies when the gravamen of a claim is in tort, although the claim is presented as one for breach of warranty under the UCC. As Badilla's injury occurred more than three years before he filed his complaint, his claim is barred. We affirm.

5

**{18}    IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**

**Topic Index for** *Badilla v. Wal-Mart Stores East, Inc.*, **No. 31,162**

**APPEAL AND ERROR**
Standard of Review

**COMMERCIAL LAW**
Uniform Commercial Code

**CONTRACTS**
Breach
Implied Warranty

**NEGLIGENCE**
Personal Injury
Warranty

**TORTS**
Statute of Limitations